**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and Majority and Concurring and Dissenting Opinions filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00359-CV

---

## IN RE HEB GROCERY COMPANY, L.P., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-40738**

---

## MAJORITY OPINION

On April 16, 2012, relator HEB Grocery Company filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, HEB asks this court to compel the Honorable Josefina M. Rendon, presiding judge of the 165th District Court of Harris County to vacate her April 4, 2012

order granting real party in interest's motion to compel discovery. We conditionally grant partial mandamus relief.

## I. Background

Real-party-in-interest Rebecca Lara slipped and fell in an HEB grocery store. Lara sued HEB alleging negligence in failing to (1) maintain the premises, (2) correct the unreasonably dangerous condition, (3) warn invitees of the dangerous condition, (4) properly inspect the premises, (5) properly train employees regarding the proper manner to make the premises reasonably safe, (6) implement and enforce policies, rules and procedures to make the premises reasonably safe, and (7) supervise and oversee the premises. Lara later added a cause of action for gross negligence.

Lara sought discovery including information concerning: (A) incidents involving premises conditions at all Houston, Texas HEB stores; (B) incidents involving premises conditions at the HEB store at issue; and (C) certain HEB employee and training files.

The trial court's order compelling HEB to respond to most of the discovery at issue is the subject of this petition for writ of mandamus. More specifically, HEB urges that the discovery to which it is compelled to respond is beyond the scope of permissible discovery in this premises liability case.

## II. Mandamus Standard

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *Id.* The scope of discovery is largely within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Texas Rule of Civil Procedure 192.3 permits a party to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the

pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3.

An order that compels overly broad discovery is an abuse of discretion for which mandamus is the appropriate remedy. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See CSX Corp.*, 124 S.W.3d at 152; *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). Requests for production must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. *See CSX Corp.*, 124 S.W.3d at 152.

### III. Scope of Discovery in Premises Liability Cases

Generally, the scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3; *CSX Corp.*, 124 S.W.3d at 152. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009).

To recover damages in a slip-and-fall case, a plaintiff must prove the following: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the

owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). An invitee's suit against a store owner is a simple negligence action. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983). A store owner's duty is to exercise reasonable care to protect against danger from a condition on the premises that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The crux of this duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *See id.*

## IV. Discovery Requests at Issue

During the course of discovery, Lara served HEB with interrogatories and requests for production. The following requests, objections, and rulings are relevant to this proceeding:

### A. Incidents involving premises conditions
### at all HEB stores in Houston, Texas.
### (Second Request for Production No. 3[1] and No. 4[2]).

HEB objected to the subject discovery on the grounds that the requests were overbroad.[3] Although HEB adduced evidence in response to the motion to compel regarding the total number of HEB stores in Houston and the hours of manpower to gather the requested information, HEB did not urge an objection to this discovery on the

---

[1] Request No. 3: A copy of any written or non-written statements by witnesses to other slip and fall incidents caused by a liquid substance on the floor of HEB's premises. This request is limited to the time period of January 1, 2007 to Mark [sic] 15, 2011 and limited to HEB stores in Houston, Texas.

[2] Request No. 4: Please provide all accident and/or incident reports regarding slip and falls, trips and falls or other incidents including, but not limited to accidents and/or incidents of your employees which have occurred on HEB's premises. This request is limited to the time period of January 1, 2007 to Marck [sic] 15, 2011 and limited to HEB stores in Houston.

[3] The precise objection, identical for No. 3 and No. 4 is: Defendant objects to request 3/4 as it is vague and overbroad. Specifically, it is not limited in reasonable time, scope, and subject matter. Further, it is not reasonably calculated to lead to the discovery of admissible evidence.

basis that it was burdensome. Further, HEB produced information regarding other slip-and-fall incidents during the preceding two years on the HEB premises at issue.

The trial court ordered HEB to produce the documents requested by No. 3 and No. 4 for two years, rather than four. The trial court also ordered HEB to produce the requested information as to all HEB stores in Houston, Texas.

By this petition for writ of mandamus on Requests No. 3 and No. 4, HEB urges that (1) incidents at other HEB stores are "irrelevant to Lara's premises liability claim"; (2) the order compelling production fails to tailor the requests to "information regarding incidents similar to Lara's fall"; and (3) the trial court's order is unduly burdensome. However, as HEB failed to object to the subject discovery on the basis that it was burdensome, it waived the objection in the trial court. *See* Tex. R. Civ. P. 193.2(a). The failure of the trial court to sustain an objection not made could not provide a basis for mandamus relief.

### 1. Other HEB Stores

Lara contends discovery of incidents from other stores is necessary to show that HEB "had actual or constructive knowledge of some condition on the premises that posed an unreasonable risk of harm and failed to exercise reasonable care to reduce or to eliminate the risk." An unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place the injury occurs. *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006).

Texas courts often characterize premises liability discovery that is not limited to the specific premises at issue as overbroad. *See e.g. Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (holding that a request for a 227 store search in twenty states over a five-year period was overly broad); *see also K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (holding that a request for all criminal activity on all K Mart property over last seven years was overly broad). Yet, we cannot say that there is a

5

bright-line limitation for all premises liability causes. Moreover, we find no precedent for holding that a premises-liability discovery request cannot be overly broad solely because the respondent fails to argue that it also imposes an undue burden. A discovery request may be overly broad as a matter of law. *See, e.g. Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d at 492. Stated differently, just because you don't catch a lot of fish doesn't mean you didn't go fishing.

Instead, we analyze overbreadth standing alone and bearing in mind the scope of evidence that may be probative in such cases. For purposes of the analysis of other HEB stores, we note that events at the other HEB stores would be admissible if the "'earlier accidents occurred under reasonably similar but not necessarily identical circumstances.'" *McEwen v. Wal-Mart Stores,* 975 S.W.2d 25, 29 (Tex. App.—San Antonio 1998, pet. denied) (*quoting Missouri Pac. RR. Co. v. Cooper* 563 S.W.3d 233, 236 (Tex. 1978). Thus, for the broader discovery question, we consider the plaintiff's claims as plead, the instrumentality of the injury, as well as the potential relevance of similar conditions at other premises at issue. *See, e.g. Kmart Corp. v. Sanderson*, 937 S.W.2d at 431 (holding a discovery request that encompasses time periods, products, or activities beyond those at issue in the case to be overly broad); *see also Fethkenher v. Kroger Co.*, 139 S.W.3d 24, 30 (Tex. App.—Fort Worth 2004, no pet) (holding that a request for a search of previous incidents pertaining to automatic door malfunctions at all 188 stores in southwest region was overly broad); *see also In re HEB Grocery Co., L.P.*, 2010 WL 4523765 (Tex. App.—Corpus Christi 2010) (orig. proceeding) (holding that a request for search beyond the premises of injury was not overbroad in light of allegations of negligence based upon nationwide policy decisions regarding the provision and utilization of mechanized electronic carts for customers).

Here, Lara's allegations are specific to the premises at issue. Thus, the requests for discovery at other HEB stores is more akin to the discovery in *Dillard Dep't Stores* and *K Mart Corp.*, in which the incidents from other stores would not lead to relevant

6

evidence of the HEB owner/operator's actual or constructive knowledge of a condition *on the premises* that posed an unreasonable risk of harm.

We conclude that Lara's discovery requests for information relating to incidents at all 23 HEB stores in Houston are overbroad. Therefore, the trial court abused its discretion in ordering HEB to produce:

- in response to Lara's Second Request for Production No. 3, "any written or non-written statements by witnesses to other slip-and-fall incidents caused by a liquid substance on the floor of HEB's premises" at "HEB stores in Houston, Texas" other than the HEB premises in question.

- in response to Lara's Second Request for Production No. 4, "all accident and/or incident reports regarding slip and falls, trips and falls or other incidents, including, but not limited to accidents and/or incidents of your employees which have occurred on HEB's premises" at "HEB stores in Houston, Texas" other than the HEB premises in question.

## 2. *Similar Incidents*

Request No. 3 is limited to witnesses statements about "slip and fall incidents caused by a liquid substance" on the floor of HEB's premises. Request No. 4 is limited to accident reports about "slip and falls, trips and falls or other incidents" by any individual including an employee.

Evidence of similar events is *admissible* if the "earlier accidents occurred under reasonably similar but not necessarily identical circumstances." *Missouri Pac. R.R. Co. v. Cooper*, 563 S.W.2d 233, 236 (Tex. 1978) (emphasis supplied). The predicate a plaintiff must establish for admission of such events is (1) similar or reasonably similar conditions; (2) connection of the conditions in some special way; or (3) that the incidents occurred by means of the same instrumentality. *Henry v. Mrs. Baird's Bakeries, Inc.*, 475 S.W.2d 288, 294 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.) (holding that

7

the trial court properly admitted evidence of prior slip-and-fall at same location on a sidewalk where a slippery substance was dripping from a downspout); *see also McEwen v. Wal-Mart Stores*, 975 S.W.2d at 29 (holding that trip over a folded floor mat at the front door was sufficiently similar to an injury caused by a wind-blown floor mat that knocked a patron down that *exclusion of evidence* was reversible error); *see also Klorer v. Block*, 717 S.W.2d 754 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.).

HEB asserts the request could be more narrowly tailored to include only information concerning slip-and-fall accidents involving a similar condition at the time Lara fell. HEB's complaint is certainly well-founded as to accident or incident reports regarding "other incidents." Such a request will necessarily implicate every accident or incident report in HEB's possession. However, we cannot say that HEB has met its heavy burden to show that the trial court clearly abused its discretion in ordering reports regarding slip-and-falls or trip-and-falls or statements regarding slip-and-falls arising from liquid substances on the floor, both for a two-year period. Although the majority of Lara's allegations pertain to the "slippery condition" of the premises, Lara does urge negligence in policies and procedures for training, inspecting, and making the premises safe. Thus, incidents of debris on the floor that presents a tripping hazard would lead to relevant information on this ground for relief just as incidents of liquid substances left on the floor. Therefore, the trial court did not abuse its discretion in ordering production as to Request No. 3.

We conclude that Lara's discovery request for accident and/or incident reports regarding . . . other incidents . . ." is overbroad. Therefore, the trial court abused its discretion in ordering HEB to produce this data in response to Second Request for Production No. 4.

## B.  Incidents involving premises conditions
## at the HEB store where Lara fell
## (Interrogatory No. 9[4]; Request for Production No. 6[5]; and No. 11[6].

HEB objected to the subject discovery on the grounds that the requests were overbroad.[7]  However, HEB produced information regarding other slip-and-fall incidents during the preceding two years on the HEB premises at issue.

The trial court ordered HEB to respond to Interrogatory 9 exactly as it was written. The trial court ordered HEB to produce the documents requested by No. 6 covering a time period beginning on March 15, 2006, rather than January 1, 2005.  The trial court ordered HEB to produce the documents requested by No. 11 covering a time period beginning on March 15, 2007, rather than January 1, 2005.

---

[4] Interrogatory 9:  Describe each incident in which you have been sued, and/or had a claim brought against you whereby a person claimed that a condition on your premises caused an accident or injury.  This interrogatory is limited to the last five (5) years and to Defendant's premises made the subject of this lawsuit.  For each such incident, please state

    a. The date of the incident;

    b. The parties involved;

    c. The style and case number of each filed case, if any;

    d. The claim number of each non-filed case; and

    e. A brief description of the incident and claims injuries.

[5] Request No. 6:  A copy of any written or non-written statements by witnesses to other slip and fall incidents caused by a liquid substance on the floor of your premises.  This request is limited to the time period of January 1, 2005 to March 15, 2011 and to the premises made the basis of this lawsuit.

[6] Request No. 11:  Please provide all accident and/or incident reports regarding slip and falls, trips and falls or other incidents, including, but not limited to, accidents and/or incidents of your employees which have occurred at the premises in question.  This Request is limited to January 1, 2005 to the present.

[7] The precise objection is identical for Interrogatory 9, and Requests No. 6 and 11: Defendant objects to this request as it is vague and overbroad.  Specifically, it is not limited in reasonable time, scope, and subject matter.  Further, it is not reasonably calculated to lead to the discovery of admissible evidence.

By this petition for writ of mandamus on Interrogatory 9 and Requests No. 6 and 11, HEB urges that the order compelling production fails to tailor the requests to "slip and falls involving the same condition" that allegedly caused Lara's fall, a condition caused by the same instrumentality, or even similar conditions in the same area of the store.

For the reasons outlined in connection with Second Request for Production No. 3 and No. 4, we determine that Interrogatory No. 9, which seeks information about injuries related to any premises condition is overbroad because it is not reasonably calculated to obtain similar events needed to prove the allegations in Lara's pleading. Because Request No. 6 seeks information on slip-and-falls caused by a liquid substance, it is narrowly tailored to obtain relevant information. Request No. 11 is flawed in the regard identified above in that it seeks accident/incident reports about "other incidents." However, HEB has not met its burden to show that accident or incident reports about slip-and-falls or trip-and-falls in the subject HEB store for a five-year period is not calculated to lead to the discovery of information relevant to HEB's policies and procedures on keeping the floor of its premises in a reasonably safe condition.

## C. Employment and training records
### (Request for Production No. 27[8], No. 29[9], and No. 32[10]).

---

[8] Request No. 27:  Please provide a copy of the **employment file** including but not limited to all job performance evaluations, reprimands or records of any disciplinary actions **for the manager** on duty on March 15, 2011.  This request for production is limited to the time period of January 1, 2007 to the present. (emphasis in original)

[9] Request No. 29: Please provide a complete copy of all job performance evaluations, reprimands or records of any disciplinary actions taken for the person in charge of the premises made the basis of this lawsuit on the date and time of the incident made the basis of this lawsuit if the manager of the store was not present at the time.  This request for production is limited to the time period of January 1, 2007 to the present.  (emphasis in original)

[10] Request No. 32  For those employees who were present at the time of the incident made the basis of this suit, a copy of any such employee's certificate of attendance, test results or other like document regarding any training, school, examination or other similar instruction in cleaning or maintenance or safety of your floors.  This request for production is limited to the time period of January 1, 2007 to the present.

HEB objected to the subject discovery on the grounds that the requests were overbroad, not limited in reasonable time, scope, and subject matter, and not reasonably calculated to lead to the discovery of admissible evidence. HEB also urged privacy objections pertaining to its employees. HEB produced a work detail report, which identified all employees that were at the store at the time of Lara's fall.

The trial court did not order HEB to produce the manager's entire employment file, as requested in No. 27. Rather, the court ordered HEB to "a copy of the job application, all documents showing safety-related training, job performance evaluations, reprimands or records of any disciplinary actions from the employment file" for the manager on duty at the time of the incident; further the court narrowed the scope slightly to include only March 15, 2007 to March 15, 2012. For No. 29, the trial court also ordered HEB to produce "a copy of job application, all documents showing safety-related training, job performance evaluations, reprimands or records of any disciplinary actions from the employment file[11] for the person in charge of the premises made the basis of this lawsuit . . . ."; the order directed confidential information redacted and similarly narrowed the scope to include only March 15, 2007 to March 15, 2012. Finally, for No 32, the trial court ordered HEB to produce all documents requested except "test results or other like document" and narrowed the scope to include only March 15, 2007 to March 15, 2012.

HEB agrees that "with regard to employees who were on duty and charged with maintenance of the area where Lara fell, or employees who might have seen the substance on the floor beforehand, information regarding safety training might have some limited relevance to whether HEB failed to exercise ordinary care, assuming a duty arose at all."

---

[11] The trial court's order regarding Request No. 27 compels HEB to produce documents not requested by No. 27. Neither the job application nor safety-related-training documents was part of the actual request. However, as HEB did not raise the issue with the trial court or as part of this mandamus, we do not reach it here.

HEB objects to production of job applications for its managerial employees, and safety training records for all employees "present at the time of the incident made the basis of this suit." Lara responds that HEB is only required to produce the job application of the manager in charge at the time of the incident if the job application was filed within the previous five years. Lara argues this time limit "recognizes that the employment history of a new hire may lead to the discovery of admissible evidence." Lara further argues that "floor safety training" from employee files of those employees present at the time of the incident could lead to admissible evidence regarding recognition of safety hazards.

In her petition, Lara alleged that HEB was negligent in, among other things, "failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe." The manager's job application could show his previous experience and whether HEB needed to train the manager. In ordering the production of the manager's "job application, safety-related training, job performance evaluations, reprimands or records of any disciplinary actions," the trial court could have reasonably concluded that if the manager had been hired within the past five years this information could lead to the discovery of admissible evidence.

With regard to the production of copies of "certificates of attendance, regarding any training, school, examination or other similar instruction in cleaning or maintenance or safety of your floors" for every employee present at the time of Lara's fall, HEB has failed to establish that the discovery is overbroad.

During the hearing in the trial court Lara argued that every employee in the store had to warn of the danger, or clean up the liquid if they happened to see it on the day Lara fell. HEB concedes that the discovery is relevant to employees who were on duty and charged with maintenance of the area where Lara fell or employees who might have

seen the substance on the floor before Lara's fall.[12]  Yet, when asked in Interrogatory No. 19 about the safety procedures at the subject store, HEB responded that "[t]he procedure is that managers walk the store periodically, maintenance partners walk the store, partners observe the area they are in."  Notwithstanding the volume of employees present on the date of the event[13], HEB has potentially implicated the managers, maintenance partners, and any partners working in the particular area on the premises in which the accident occurred as part of the safety procedure.  However, partners not working in the particular area would not be implicated based on the interrogatory response.

Thus, the trial court could have reasonably concluded that floor safety training records of managers, maintenance partners, and partners who were working in the area where Lara fell could lead to relevant, admissible evidence to support this pleading.  We conclude, however, that the trial court's order to produce such documents pertaining to any other HEB employee present at the time of the incident is overbroad.

## VII.  Conclusion

For the foregoing reasons, we conditionally grant partial mandamus relief as follows:

- We conditionally grant mandamus as to the trial court's order on Second Request for Production No. 3 only insofar as it orders information produced regarding "**HEB stores in Houston, Texas**."  We direct the trial court to vacate this portion of its order.  In all other regards, mandamus is denied as to Second Request for Production No. 3.

- We conditionally grant mandamus as to the trial court's order on Second Request for Production No. 4 insofar as it orders accident and/or incident

---

[12] We note that it does not appear from this record that HEB has produced the discovery it concedes is relevant as it is required to do under Texas Rule of Civil Procedure 193.2(b).

[13] HEB argues that there were more than 100 employees on the premises on the date of the event; however, we find no evidence in the record to support the figure.

13

reports regarding "**HEB stores in Houston, Texas.**" We also conditionally grant mandamus as to the trial court's order on Second Request for Production No. 4 insofar as it orders accident and/or incident reports regarding "**other incidents.**" We direct the trial court to vacate these portions of its order. In all other regards, mandamus is denied as to Second Request for Production No. 4.

- We conditionally grant mandamus as to the trial court's order on Interrogatory No. 9. We direct the trial court to vacate this portion of its order.

- We deny mandamus as to the trial court's order on First Request for Production No. 6.

- We conditionally grant mandamus as to the trial court's order on First Request for Production No 11 insofar as it orders accident and/or incident reports regarding "**other incidents.**" We direct the trial court to vacate this portion of its order. In all other regards, mandamus is denied as to First Request for Production No. 11.

- We deny mandamus as to the trial court's order on First Request for Production 27 and 29. We further deny mandamus at to the trial court's order on First Request for Production 32 insofar as it orders certificates of attendance regarding any training, school, examination or other similar instruction in cleaning or maintenance or safety of HEB floors for managers, maintenance partners, and partners assigned to the area in question who were present on the day of Lara's fall. We conditionally grant mandamus as to the trial court's order on First Request for Production 32 insofar as it orders certificates of attendance regarding any training,

14

school, examination or other similar instruction in cleaning or maintenance or safety for any other HEB employee present on the day of Lara's fall.

We are confident the trial court will act in accordance with this opinion. The writ will issue only if the trial court fails to do so. We lift the stay issued by this court on April 17, 2012.

/s/     Sharon McCally
        Justice

Panel consists of Justices Frost, Christopher, and McCally. (Christopher, J. Concurring and Dissenting)