**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 4, 2013.**



In The

# Fourteenth Court of Appeals

———

## NO. 14-13-00160-CV

———

## IN RE ANGLETON SAND AND ROBERT PETERSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**149th District Court**
**Brazoria County, Texas**
**Trial Court No. 57875**

---

# MEMORANDUM OPINION

Relators Angleton Sand and Robert Peterson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Terri Holder, presiding judge of the 149th District Court in Brazoria County, to set aside her order granting the motion to compel discovery and for sanctions filed by the real party in interest, Roger Kroschel, III.

Robert Peterson and Roger Kroschel, III formed Angleton Sand, referred to as a "single purpose joint venture," to mine and sell sand. In September 2009, Peterson asserts that he learned that Kroschel converted Angleton Sand's profits for his own use. The partnership ended, and Peterson sued Kroschel.

During the operation of the company, it had purchased a John Deere tractor with an attached scraper. The mandamus record indicates that the use of the tractor may have been billed by Terra Dragline, another company owned by Peterson, and the funds received used to pay the note for the tractor's purchase, for which Peterson is obligated. This discovery dispute results from Kroschel's efforts to obtain documentation concerning the revenues produced by the use of the tractor/scraper when it is leased out to others. Kroschel's second request for production, served August 1, 2012, includes a request for "[a]ny and all documents evidencing any payments made to you since January 1, 2009 that are related to Angleton Sand." According to the request, "you" includes Peterson, Terra Dragline, Angleton Sand Company, and its agents.

The court ordered production of any bills and records of payment for use of the tractor so that an accounting can be made.[1] In addition, the trial court granted sanctions against relators in the amount of $2,500. This proceeding followed.

---

[1] Specifically, the court granted the motion to compel, ordering production of the following:

1. Any and all documents evidencing payments made to Robert "Butch" Peterson, Individually and as the Representative of Terra Dragline and the Sole Survivor of Angleton Sand, a Joint Venture since January 1, 2009 that are related to Angleton Sand.

2. Any and all documents evidencing payments made to Robert "Butch" Peterson, Individually and as the Representative of Terra Dragline and the Sole Survivor of Angleton Sand, a Joint Venture since January 1, 2009 for the use of the 9520 tractor and/or 3100 scraper.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Relators raise three issues. In issues two and three, relators challenge the award of attorney's fees as costs. Relators have a remedy by appeal for the attorney's fees awarded to Kroschel as a sanction for discovery abuse. *See* Tex. R. Civ. P. 215.3 (providing that an order awarding costs after finding discovery abuse is "subject to review on appeal from the final judgment."); *see also Street v. Second Ct. of Appeals,* 715 S.W.2d 638, 639-40 (Tex. 1986). The sanction amount is not so large that it might preclude relators' ability to proceed with the litigation. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (holding that appeal is not an adequate remedy for monetary sanctions for discovery abuse ordered to be paid before final judgment if the party's continuation of the litigation is threatened). Relators have an adequate remedy from the award of sanctions by appeal after final judgment. Accordingly, we overrule issues two and three.

In their first issue, relators assert that the trial court abused its discretion by compelling production because the discovery requests are overbroad. Our record contains no objections to discovery asserting overbreadth, or any other ground. Relators also contend that the court's order requires production beyond what was requested. We disagree. The trial court's order does not exceed the information sought in Kroschel's requests for production.

Texas Rule of Civil Procedure 193.2 specifically requires objections to written discovery to be in writing and to provide the specific legal or factual basis for the objection. Tex. R. Civ. P. 193.2(a). A party seeking to exclude any matter from discovery must assert any objection to a request for production in writing within its response. Tex. R. Civ. P. 196.2(b); *Bielamowicz v. Cedar Hill I.S.D.*, 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied).

Although the scope of discovery is broad, requests must be reasonably tailored to include only relevant matters. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Overbroad requests for irrelevant information are improper. *Id.* at 153. The requirement for a written objection applies to a complaint that the subject discovery is overbroad, and a party who fails to comply waives the objection. *See In re HEB Grocery Co., L.P.*, 375 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). Because no written objections are included in our record, relators waived this complaint.

Moreover, the requests are not overbroad. They are specifically related to the main issue in the case, and the requests are limited to the time period at issue. Relators have not established that the trial court abused its discretion in compelling the discovery at issue. We overrule relators' first issue.

Relators have not established their entitlement to extraordinary relief. Accordingly, relators' petition for writ of mandamus is denied.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.