**DENY; and Opinion Filed October 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01164-CV

## IN RE GREYHOUND LINES, INC., FIRSTGROUP AMERICA, AND DWAYNE GARRETT, Relators

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05789-C**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang, and Brown
Opinion by Justice Brown

This case arises out of a serious bus crash. Relators are defendants, Greyhound Lines, Inc., FirstGroup America, and Dwayne Garrett, the driver of the bus. Real parties in interest are individual bus passengers who were injured in the crash. Real parties allege that Garrett fell asleep at the wheel while speeding.

Relators filed this petition for writ of mandamus complaining about the trial judge's ruling on a discovery issue. Specifically, relators complain that the trial judge abused her discretion when she compelled relators to produce six months' worth of Garrett's credit card, debit card, and ATM records. Relators ask this Court to vacate the judge's order compelling production of these records because (1) the records are irrelevant and not likely to lead to information that will help resolve the issues in the case, (2) the requests for the records constitute

a fishing expedition, and (3) the judge compelled production of the records before Garrett was required to respond to the document requests.

## I.

The complained-of ruling in this case arises out of an August 25, 2014 hearing on real parties' motion to compel discovery. The motion to compel, filed on June 10, 2014, covered certain discovery requests in real parties' first, second, and third requests for production of documents to Greyhound, first set of interrogatories to Greyhound, and first request for production of documents to Garrett. On August 20, 2014, five days before the hearing on the motion to compel, real parties served Garrett with additional requests for production of documents (the third request for production) that contained the document requests at issue in this mandamus proceeding (the credit card and banking records). Garrett's responses to the August 20 document requests were due on September 14, 2014. On August 21, 2014, real parties also served Garrett's banks with depositions by written questions, in which real parties asked to obtain Garrett's banking records from the records custodians.

At the August 25 hearing, after resolving various issues that were the subject of the motion, counsel for real parties addressed their requests for Garrett's credit card, debit card, and ATM records:

> [Real Parties' Counsel]: And, Your Honor, two more. Save the Court's time. One is we would ask for Mr. Garrett's credit card, debit card, and ATM card records for six months prior to this crash. And the reason being, Your Honor, is that Mr. Garrett, when we are trying to determine fatigue and whether it was a cause of the crash, you have to rely somewhat on the testimony of the driver as to when he went to bed, et cetera. But our sleep expert, Dr. Siesler (phonetic), who basically runs the Sleep Center of Parkland University --
>
> THE COURT: Just a minute.
>
> (A break was held.)
>
> THE COURT: Where are we?

–2–

[Real Parties' Counsel]: Your Honor, we were talking about credit card records. This and one other thing, and we'll be done. I'll be fast. We have asked for -- we would like six months of credit card records, debit card records, ATM records of the driver.

THE COURT: I don't see that's a problem under a protective order.

[Real Parties' Counsel]: That's absolutely fine, Your Honor. We're happy to enter into one of those with opposing counsel.

THE COURT: No, that would go right to how much sleep he's getting.

[Real Parties' Counsel]: Exactly.

THE COURT: That would be good to know since that's what the case is about. I don't know any way they could controvert it.

[Real Parties' Counsel]: He doesn't have a cell phone. Usually we get cell phone records, and he has testified he doesn't have one, so we don't have that resources for us.

THE COURT: I don't see what else you can do.

Relators did not object to the topic being discussed or considered at the hearing even though the topic was not the subject of the motion to compel and Garrett's responses to the requests were not yet due. Relators also did not offer any substantive objections to the requests. At the end of the hearing, the judge said "If you want to write something up, that would be great. Y'all sign off, and I'll sign it." Counsel for real parties replied that he was "comfortable with the Court's oral rulings."

Garrett served his responses to the third request for production on September 10, 2014. In response to the three requests related to the credit card and banking records, he wrote:

Defendant understands the Court to have already ruled on the issue of Defendant Garrett's financial and credit card records but object[s] for the record as follows: Defendant Garrett objects to this Request on the grounds that it is vague, overly broad, not reasonably limited in time or scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

That same day, relators also filed a motion to quash the depositions by written questions to Garrett's banks and for protective order. Relators similarly acknowledged in the motion that the

–3–

judge ruled that real parties "were entitled to discovery of Mr. Garrett's credit card records." The trial judge has not ruled on the motion to quash and for protective order.

On September 11, 2014, relators filed this petition for writ of mandamus in which they complain about the trial judge's "August 25, 2014 Order" compelling the production of Garrett's credit card and banking records for a six-month period. We stayed the order compelling the production of the records. Real parties filed their response to the petition on October 7, 2014.

**II.**

Relators argue that the trial judge abused her discretion in compelling production of Garrett's credit card and banking records because those records are irrelevant to the question of Garrett's sleep patterns and overbroad. They also argue that the judge abused her discretion in ordering production of these documents before Garrett was required to respond to the specific requests.

The trial judge did not memorialize her rulings from the August 25 hearing in a written order.[1] Of course, we may grant mandamus relief based on a trial judge's oral ruling if the ruling is clear, specific, enforceable, and adequately shown by the record. *In re VSDH Vaquero Venture, Ltd.*, No. 05-14-00958-CV, 2014 WL 4262167, at *2 (Tex. App.—Dallas Aug. 28, 2014, orig. proceeding) (mem. op.). We can determine whether an oral ruling meets these criteria by reviewing the reporter's record from the hearing. *Id.*; *In re Winters*, No. 05-08-01486-CV, 2008 WL 5177835, at *1 n.1 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *see also In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (noting that "[i]f the complained-of order is an oral order, the portion of the reporter's record that contains the order must be included in the petition's appendix").

---

[1] The judge stated that her rulings were "all on the record here."

–4–

Here, while relators seemed to know the trial judge ordered them to produce Garrett's credit card and banking records, the transcript of the reporter's record from the August 25 hearing on real parties' motion to compel does not reveal a pronouncement that, standing alone and without reference to other documents, is sufficiently clear or specific such that it defines what the judge ordered relators to produce. Rather, the transcript just shows that the judge agreed with real parties' assertions that Garrett's credit card records would show "how much sleep he's getting." Given the serious privacy concerns that arise when we allow litigants to delve into the personal finances of another,[2] we conclude the judge's oral ruling in this case does not meet the criteria. Without a clear ruling apparent from the transcript alone, we are unable to determine whether the trial judge abused her discretion.

Further, even assuming the judge's oral pronouncements met the clear and specific criteria, we conclude that the record in this case does not demonstrate that relators' complaints were presented to the trial judge. Generally, a party is not entitled to mandamus relief without a predicate request to the trial judge and a denial of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding). Absent a showing that the issue was presented to the trial court, it is not preserved for our review. *In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) (citing *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 877 (Tex. App.—Texarkana 2013, orig. proceeding)); *see also In re HEB Grocery Co., L.P.*, 375 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) ("The failure of the trial court to sustain an objection not made could not provide a basis for mandamus relief.").

---

[2] *See In re Jacobs*, 300 S.W.3d 35, 46 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) ("Allowing litigants to delve without limitation into personal finances not only raises serious privacy concerns, but also provides an opportunity for 'needless abuse and harassment.'") (quoting *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 331–32 (Tex. 1993) (Gonzalez, J., concurring)).

The specific document requests at issue in this proceeding were not covered by real parties' motion to compel. Yet real parties brought up the requests for consideration at the August 25 hearing before Garrett was required to respond to the requests. The third request for production was served five days before the hearing, so counsel for relators should have been aware of the specific requests. Counsel also was present at the hearing. But when counsel for real parties addressed the credit card records, relators' counsel offered no resistance. There was no objection to the fact that this topic was not a noticed issue for the hearing, no objection to the requests being considered at that hearing, no objection to the substance of the requests, and no objection to the trial judge's statements related to the requests (assuming her statements were a proper ruling). Although relators later objected to the requests in Garrett's responses to the third request for production, these objections were over two weeks after the trial court ruled on the issue. The judge has not been asked to rule on the objections raised in the third request for production, and she has not ruled on relators' motion to quash the depositions by written questions or the protective order in which relators made the same objections.

In the mandamus context, "[i]t would be hard to conclude, without circumstances that were highly unusual or that made a trial court's ruling void, that a trial court could abuse its discretion in making a ruling for a reason that was never presented to the court." *In re Bank of Am., N.A.*, No. 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op. on reh'g). We cannot mandamus a judge without giving her a chance to rule on the objections.

## III.

"Mandamus is an extraordinary remedy that is available only in limited circumstances." *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927 (Tex. App.—Dallas 2014, orig. proceeding). To obtain mandamus relief, relators must show both that the trial judge abused her

discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). For the reasons stated above, we conclude relators have not shown their entitlement to extraordinary relief. We therefore **DENY** the petition for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

141164F.P05