**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Majority and Dissenting Opinions filed July 2, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00274-CV

---

### IN RE PREVENTATIVE PEST CONTROL HOUSTON, LLC AND NICHOLAS ANTHONY CHARLES, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-01076**

---

## DISSENTING OPINION

Because a trial court has the discretion to order a party to respond to interrogatories, I respectfully dissent in this case. Mandamus will issue to correct a discovery order only when the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline*, 968 S.W.2d 938, 941 (Tex. 1998). The scope of discovery is largely within the trial court's discretion. *In re HEB Grocery Co.*, 375 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). "In general, a party may obtain discovery

regarding any matter that is not privileged and is relevant to the subject matter of the pending action. . . ." Tex. R. Civ. P. 192.3(a). The phrase "relevant to the subject matter" must be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *HEB*, 375 S.W.3d at 500 (quoting *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009)).

Charles was involved in several accidents while working for Preventative Pest Control and was receiving treatment for injuries related to those accidents when the collision with Ackermann occurred. Ackermann's discovery requests—which included requests for Preventative Pest Control to produce Charles's worker's compensation file and a signed authorization from Charles allowing Ackermann to get his prior employment records and the names of his previous employers—were reasonable and well within the allowable scope of discovery. Instead of granting Ackermann's motion to compel and ordering the Relators to turn over the records, the trial court ordered the Relators to create the Medications List and the Employers List.

In short, the trial court turned Ackermann's requests for production into interrogatories in order to make the discovery request less burdensome to the Pest Control Parties. Rule 191 allows for discovery to be modified by court order for good cause, and Rule 192.4 sets forth proportionality factors for the court to consider in limiting discovery methods. Tex. R. Civ. P. 191, 192.4. Therefore, I respectfully dissent from the majority's opinion that the trial court abused its discretion in modifying this discovery order.

/s/    Frances Bourliot
       Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.

2