**Conditionally Granted in part and Denied in part; Opinion Filed August 31, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00536-CV**

**IN RE PIONEER NATURAL RESOURCES USA, INC., Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-05255**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Schenck

In this mandamus proceeding, relator Pioneer Natural Resources USA, Inc. seeks relief from a portion of the trial court's April 29, 2020 order (the "Order") granting, in part, real parties in interest's motion to compel responses to propounded discovery. After reviewing the parties' briefs and the mandamus record, we have determined relator is entitled to relief on some, but not all, of its complaints concerning the Order. We therefore conditionally grant the writ in part and deny it in part.

**BACKGROUND**

The underlying proceeding is a wrongful death and survival action premised on negligence, gross negligence, and premises liability theories. Real parties in interest are the estate and a relative of Anthony Lara, who along with Noel Olivas, Jr.,[1] was killed while completing work on a heater treater at one of relator's well sites.[2] The deaths of Lara and Olivas are alleged to have occurred when a release of oil ignited the heater treater they were working on. The plaintiffs claim the death-causing accident occurred because relator's employee, Jesse Nevarez, failed to properly "lock out/tag" and "bleed off" the heater treater.

Real parties in interest propounded written discovery to relator in the form of interrogatories and requests for production. In response to the discovery requests, relator asserted numerous objections. Real parties in interest sought rulings on relator's objections and moved to compel responses to their requests. On April 29, 2020, the trial court entered its Order overruling some of relator's objections and sustaining some, thereby granting in part and denying in part real parties in interest's motion to compel.

Relator now seeks relief from portions of the trial court's Order in this original proceeding urging the trial court abused its discretion in ordering it to produce (1) the

---

[1] While Olivas's estate and family members are plaintiffs in this suit, they were not parties to the motion to compel that is the subject of the complained of Order. Thus, Lara's estate and family member are the only real parties in interest in this original proceeding.

[2] At the time of the accident, Lara and Olivas were employees of Petroplex Pipe & Constructions, Inc. ("Petroplex"). Petroplex is not a party to this suit.

hiring, disciplinary, and employment files of employees who were at the accident site on the date in question (even if they arrived after the accident and did not participate in the events causing the accident); (2) information regarding training provided to Nevarez; and (3) communications between relator and government entities concerning the accident. Relator also claims there is no adequate remedy by appeal.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam).

"Generally, the scope of discovery is within the trial court's discretion, but the trial court must make an effort to impose reasonable discovery limits." *Id.* (quoting *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam)). An order that compels discovery well outside the bounds of proper discovery is an abuse of discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) (citing

–3–

*In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)). If an appellate court cannot remedy a trial court's discovery error by appeal, then an adequate appellate remedy does not exist. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). A party would have no adequate remedy by appeal, for example, where it has already been forced to gather and produce "patently irrelevant" information or the discovery order imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Walker*, 827 S.W.2d at 842.

## DISCUSSION

Relator urges that the trial court abused its discretion in requiring it to produce documents and information that exceed the bounds of discovery. More particularly, relator claims the time and scope of complained-of discovery requests, that the trial court compelled relator to comply with, cause the requests to be facially overbroad and patently irrelevant.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter and is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). This broad grant, however, is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information in keeping with the understanding that discovery is a means to an end, rather than an end in itself. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding). Discovery,

–4–

even of potentially relevant or admissible evidence, may not be used as a costly fishing expedition. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding). Rather, requests must be "reasonably" tailored to include only matters relevant to the case and must be limited to the relevant time. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding); *In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). A discovery order is overbroad if it could have been more narrowly tailored to avoid including tenuous information. *See CSX Corp.*, 124 S.W.3d at 153. If the requests are overbroad as to time, location, or scope, and could have easily been more narrowly tailored to the dispute at hand, mandamus may lie. *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 669 (Tex. 2007) (orig. proceeding) (per curiam).

## I.    Employment Records

Relator urges the trial court abused its discretion in overruling its objections and by compelling it to produce documents responsive to document production request numbers 21 through 23.[3] One of those requests seeks the production of the

---

[3] Request for Production No. 21 states:

> Please produce copies of the complete hiring, training, disciplinary, and employment file for Michael Lively. Note: You may redact sensitive personal and financial information. You may redact any disciplinary history unrelated to work site safety that occurred more than 5 years before the incident at issue.

Request for Production No. 22 states:

> Please produce copies of the complete hiring, training, disciplinary, and employment file for Preston Bridges. Note: You may redact sensitive personal and financial information.

hiring, disciplinary, and employment files of all employees who performed work at the accident site at any time on the day of the accident. Two of the requests specifically ask for information regarding supervisors Michael Lively and Preston Bridges, who were not present at the time of the accident but arrived thereafter. These requests encompass a five-year period.

Relator claims these requests exceed the bounds of discovery authorized by the rules of procedure because they seek information concerning employees who were not present at the time of the accident and did not participate in the events leading up to the accident. We agree. The only connection these employees had to the accident is that they arrived at the scene in the accident's aftermath. Although the record reflects that Lively and Bridges were supervisors, there is no suggestion that they were responsible for supervising Nevarez or any other employees who may have been responsible for the accident in such a way as to make their personnel files germane. Accordingly, employment files of these individuals are not relevant and production of same is not reasonably calculated to lead to the discovery of admissible

---

> You may redact any disciplinary history unrelated to work site safety that occurred more than 5 years before the incident at issue.

Request for Production No. 23 states:

> Please produce copies of the complete hiring, training, disciplinary, and employment file for any of YOUR employees performing work at the incident site on the day of the incident. Note: You may redact sensitive personal and financial information. You may redact any disciplinary history unrelated to work site safety that occurred more than 5 years before the incident at issue.

evidence.  TEX. R. CIV. P. 192.3(a); *see also In re HEB Grocery Co.*, 375 S.W.3d 497, 505 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (trial court's order to produce training documents pertaining to *all* HEB employees present in the store at the time of the incident was overbroad).  The discovery requests could have easily been more narrowly tailored to include only employees who had some conceivable role in the injury-causing events.  *See CSX Corp.*, 124 S.W.3d at 152–53; *In re Arpin Am. Moving Sys., LLC*, 416 S.W.3d 927, 930 (Tex. App.—Dallas 2013, orig. proceeding).   Accordingly, we conclude the trial court abused its discretion in ordering relator to produce documents responsive to Request for Production numbers 21 through 23.

## II.    Training

Relator also contends that the trial court abused its discretion in compelling it to respond to Interrogatory numbers 1 and 8, and to produce documents responsive to Request for Production number 1, which seek discovery regarding Nevarez's training related to the type of work he was doing on the day of the accident and the identity of every trainer who ever provided him with such training.[4]

---

[4]  Interrogatory No. 1 states:

> Identify the training YOU provided to Jesse Nevarez encompassing the procedures he listed in his affidavit (PNR 000004) at paragraphs 4, 5, 6, 10, 11, 12, 14, 15, 17.

Interrogatory No. 8 states:

> Identify by name, address, and phone number all trainers who provided the training YOU identified in YOUR response to Interrogatory No. 1. Please note in your response whether each trainer is employed by YOU or not.

These discovery requests are very broadly stated to include formal or informal training, whether oral or written, that by its very nature would require investigation into every communication any person, whether an employee or not, had with Nevarez about his job. Given the unique facts of this case, requiring relator to investigate all communications Nevarez might have had during the course of his employment in an attempt to identify potentially responsive communications places a burden on relator that is far out of proportion to any benefit with respect to the disposition of the case on its merits.[5] *See Walker*, 827 S.W.2d at 842. Accordingly, we conclude the trial court abused its discretion by ordering relator to respond to Interrogatory numbers 1 and 8 and Request for Production 1.

## III.    Reporting

Relator contends that the trial court abused its discretion in compelling it to respond to Interrogatory numbers 15 and 16, and to produce documents responsive to Request for Production numbers 15 through 17, which seek discovery of communications between relator and government entities, including OSHA, about the accident.[6] These requests are narrowly tailored to the incident made the basis of

---

Request for Production No. 1 states:

> Please produce a copy of the training YOU identified in YOUR response to Interrogatory No. 1.

[5] This point is highlighted by the fact the trial court judge in overruling relator's objections to these discovery requests commented, "I think you just do the best you can."

[6] Interrogatory No. 15 states:

this suit and, by their nature, are necessarily limited in time. Thus, they request information that is both relevant to the suit and is likely to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3; *Sanderson*, 898 S.W.2d at 815; *see also Valenzuela v. Heldenfels Bros., Inc.*, No. 13-04-00241-CV, 2006 WL 2294562, *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2006, no pet.) (mem. op.) (affirming trial court's admission of OSHA citations resulting from "OSHA's investigation into the decedent's death, which allegedly resulted from an on-the-job injury"). Thus, the trial court did not abuse its discretion in compelling relator to produce documents responsive to Request for Production numbers 15 through 17

Identify by name each local, state, and federal governmental entity to whom YOU reported the incident at issue.

Interrogatory No. 16 states:

Identify by name each local, state, and federal governmental entity with whom YOU have corresponded, in writing or orally, regarding the incident at issue.

Request for Production No. 15 states:

Please produce copies of all documents sent to or received from all governmental entities listed in your response to Interrogatory No. 15.

Request for Production No. 16 states:

Please produce copies of all correspondence, emails, and texts sent by YOU or YOUR attorneys to any governmental entity (or their counsel) YOU identified in your response to Interrogatory No. 15.

Request for Production No. 17 states:

Please produce copies of all documents sent to or received from OSHA regarding the incident at issue.

and to respond to Interrogatory numbers 15 and 16.

## IV. Adequate Remedy at Law

Having concluded the trial court abused its discretion by ordering relator to respond to the discovery requests that included the employment files of employees who arrived at the scene after the accident and by imposing a disproportionate burden on relator with respect to the discovery requests related to Nevarez's training, we now consider whether relator has an adequate remedy by appeal. Because relator would be forced to gather and to produce patently irrelevant information concerning employees and because relator would bear a disproportionate burden in producing information concerning training, we would not be able to cure the trial court's error and relator would not have an adequate remedy by appeal. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding) ("Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery").

## CONCLUSION

Because the trial court abused its discretion in ordering relator to comply with discovery requests concerning employee files and training provided to Nevarez, and because relator does not have an adequate remedy by appeal, we order the trial court to vacate the portions of the Order compelling relator to produce documents responsive to Request for Production numbers 1, 21, 22, and 23 and to respond to Interrogatory numbers 1 and 8. A writ will issue only in the event the trial court fails

–10–

to vacate the portions of the Order as directed herein within fifteen (15) days of the date of this opinion.  Because we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

We deny relator's petition for writ of mandamus on its argument concerning discovery of communications with government entities, including OSHA, about the accident.

We lift the stay issued by this Court on May 14, 2020.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Partida-Kipness, J., dissenting

200536F.P05