**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and Majority and Dissenting Opinions filed January 7, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00430-CV

---

### IN RE ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-18291**

---

## D I S S E N T I N G   O P I N I O N

Relator Allstate Fire and Casualty Insurance Company ("Allstate") seeks mandamus relief concerning two separate trial court orders: (1) a January 6, 2020 order denying its motion to quash a deposition and (2) an April 27, 2020 order granting real party in interest Reynaldo Arredondo's motion to compel said deposition. Based on the extraordinary nature of mandamus relief, this record, and

the standard of review, I conclude (1) Allstate's reliance upon Arredondo's deposition notice as its sole piece of evidence precludes us from finding it introduced even a scintilla of evidence capable of supporting its contentions that the trial court abused its discretion with respect to either order, (2) the controlling issues in the majority opinion (a) were not properly preserved in the trial court, (b) were not properly presented on appeal, (c) are unripe, and (d) are moot based on an impossibility, and (3) the majority's opinion threatens the uniformity of this court's decisions concerning mandamus relief where there is neither a sufficient record nor an order, briefing waiver, due process, relevance, depositions of corporate representatives, privileges, unpresented motions, evaluations of discovery relevance based on a plaintiff's pleadings, the absence of objections to non-rulings, local rules, and mootness. I would therefore deny the petition for writ of mandamus, and I dissent from the granting thereof.

I.      **Relevant Facts**

While the majority's recitation of the facts is not inaccurate, it is incomplete. Real party in interest Reynaldo Arredondo was in a car accident, settled with the responsible third party *without a judgment*, and sued Allstate for a declaratory judgment declaring the facts in his petition are true. These facts included (1) there was an accident between Arredondo and a third party, (2) said third party was negligent, (3) Arredondo was covered by insurance, (4) Arredondo's insurance included underinsured/uninsured motorist coverage ("UM/UIM"), (5) the third party motorist was uninsured or underinsured, (6) Arredondo applied to Allstate for UM/UIM benefits, and (7) Allstate refused to pay. Allstate responded with a general denial, asserted its contract with Arredondo contained conditions and exclusions, and made no stipulations.

On November 4, 2019, Arredondo served a notice to take the deposition of

2

an Allstate corporate representative on 12 separate topics. Allstate moved to quash but (1) did not attach any evidence and (2) did not seek any relief other than the quashing of the deposition.

Less than four hours after Allstate filed its motion to quash, Arredondo filed a response with orders from various state courts denying insurance companies' motions to quash depositions.[1] Nine days later, he filed an amended response (with the same exhibits) and his first motion to compel the deposition of Allstate's corporate representative. Arredondo then filed a notice of hearing on his response and a motion to compel; the trial court held a hearing and denied Allstate's motion to quash on January 6, 2020. This is the first of the two orders from which Allstate seeks relief.

On February 10, Arredondo served Allstate with another notice of intent to take a corporate deposition. In response, Allstate filed an objection under Texas Rule of Civil Procedure 199.4 and a second motion to quash. Again, this filing had no evidence attached.

Arredondo then filed a second motion to compel. Attached to that motion was the trial court's January 6 order denying Allstate's motion to quash. Arredondo then filed and served a notice of hearing on his motion to compel.

In response, Allstate filed a "response to motion to compel, and motion to reconsider, or in the alternative motion to limit scope". There, Allstate admitted that (despite the trial court's unambiguous order denying its motion to quash) it had continued to conference with Arredondo's counsel in an unsuccessful attempt to limit the scope of the noticed deposition. Allstate also re-urged the grounds in

---

[1] Although Arredondo titled his filing a response to Allstate's "Motion to Quash and Request for Protective Order", Allstate never requested a protective order.

its previous motion to quash without any additional argument, authority, or fact;[2] the only evidence attached (Allstate's first and only piece of evidence in the record) was Arredondo's deposition notice. Allstate then provided notice that a hearing on its motions would be held on April 13, 2020. Despite the trial court's rules (which specifically state that "the Court will pass motions filed without proposed orders")[3] Allstate failed to include any proposed order concerning its (1) motion to compel, (2) motion to reconsider, or (3) alternative "motion to limit scope".

On April 27, 2020, the trial court granted Arredondo's motion to compel and ordered Allstate to "produce a corporate representative to testify on the topics listed" in Arredondo's original deposition notice. This is the second order from which Allstate seeks mandamus relief. Despite this order, Allstate continued in its steadfast refusal to produce a corporate representative to testify on the identified topics.

After Arredondo filed a third motion to compel on June 9, 2020, Allstate filed its petition for a writ of mandamus and identified two (and only two) issues for our review: (1) whether the trial court "abused its discretion *by denying Allstate's motion to quash and granting Arredondo's motion to compel*" (emphasis

---

[2] Allstate's request for reconsideration (in its entirety) reads: "Defendant re-urges its objection to the deposition of its corporate representative for the reasons set forth in its previously filed motion to quash and asks that this Court reconsider its previous ruling on said motion."

[3] 11th (Tex.) Dist. Ct. Loc. R. 4.6 (https://www.justex.net/JustexDocuments/ 1/Court%20Procedures%2010.2.19.pdf) ("Proposed orders should list each discovery dispute separately. Both the movant and non-movant need to submit a proposed order."). This absence is particularly informative given that (1) Allstate apparently provided the trial court with a proposed (and approved) order concerning its motion to quash and (2) Arredondo apparently provided proposed orders concerning (a) his first motion to compel and (b) his second amended motion to compel. Therefore, both parties were presumably aware of the trial court's local rules and there is no evidence to the contrary.

4

added) and (2) whether Allstate "has no clear and adequate remedy by appeal." We then stayed the trial court proceedings pending our adjudication of Allstate's petition for writ of mandamus. At no time did Allstate (1) seek a protective order, (2) argue to the trial court that the deposition topics at issue were overbroad, duplicative, burdensome, or patently irrelevant, or (3) ask the trial court to rule on its alternative "motion to limit".

## II.      Standard of Review

Relators seeking extraordinary relief via a writ of mandamus must show the trial court clearly abused its discretion and that there is no adequate remedy by appeal. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relators bear the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. When analyzing whether a trial court abused its discretion, appellate courts are "generally bound by the record before the trial court at the time it made its decision." *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding) (citing *Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961)); *see also In re Thetford*, 574 S.W.3d 362, 365 n.7 (Tex. 2019) (orig. proceeding).

## III.      Fundamentals of Texas Discovery

"Affording parties full discovery promotes the fair resolution of disputes by the judiciary." *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991). "Discovery is . . . the linchpin of the search for truth, as it makes 'a trial less of a game of blind

man's bluff and more a fair contest with the issues and facts disclosed to the fullest practicable extent.'" *Id.* (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Gamesmanship and secrecy are therefore discouraged. *See id.* (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding); *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 559-60 (Tex. 1990) (orig. proceeding); *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex. 1987) (orig. proceeding); and *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding)).

Texas trial court judges are entrusted with guided discretion (via both the Texas Rules of Civil Procedure and substantial case law) to flexibly determine what is discoverable in civil litigation. *See Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (per curiam) ("The scope of discovery is largely within the discretion of the trial court."). "Only in certain narrow circumstances is it appropriate to obstruct the search for truth by denying discovery. Very limited exceptions to the strongly preferred policy of openness are recognized in our state procedural rules and statutes." *Lowry*, 802 S.W.2d at 671. "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam) (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam) (quoting Tex. R. Civ. P. 192.3(a))); *see also* Tex. R. Civ. P. 192.3. "What is 'relevant to the subject matter' is to be broadly construed." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 223; *In re Sun Coast Res., Inc.*, 562 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) ("The phrases 'relevant to the subject matter' and 'reasonably

6

calculated to lead to admissible evidence' are to be 'liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial.'") (quoting *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009)); *see also Axelson, Inc.*, 798 S.W.2d at 553; *In re HEB Grocery Co.*, 375 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding).

"Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information." *In re Sun Coast Res., Inc.*, 562 S.W.3d at 146 (citing Tex. R. Evid. 401). "We evaluate relevancy of discovery on a case-by-case basis by considering, among other things, the Plaintiff's claims *as pleaded* and the instrumentality of the alleged injury." *Id.* (emphasis added) (citing *In re HEB Grocery Co.*, 375 S.W.3d at 502; *In re Booth*, No. 14-14-00637-CV, 2014 WL 5796726, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2014, orig. proceeding [mand. dism'd]) (per curiam) (mem. op.); and *In re Citizens Supporting Metro Sols., Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.)).

Parties resisting discovery may legitimately do so on limited grounds recognized by the Texas Rules of Civil Procedure and caselaw (*e.g.*, privileges and objections). Objections recognized by Texas courts include (1) information that is outside the scope of discovery because it is not relevant and will not lead to the discovery of admissible evidence (*see generally* Tex. R. Civ. P. 192.3(a)); (2) the form of discovery is not permitted by the Texas Rules of Civil Procedure (*see* Tex. R. Civ. P. 195.1, 197.1); (3) the information at issue is not reasonably available (*see* Tex. R. Civ. P. 193.1); (4) the discovery request lacks specificity (*see In re Weekley Homes, L.P.*, 295 S.W.3d 309, 314 (Tex. 2009) (orig. proceeding) (citing Tex. R. Civ. P. 196.4)); (5) the discovery request utilizes an improper procedure

for acquiring the information at issue (*see In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 813-15 (Tex. 2017) (orig. proceeding)); (6) the information at issue has already been provided (*see Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992) (per curiam)); and (7) the information request is unduly burdensome or overbroad (*see In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 n.1 (Tex. 1999) (orig. proceeding); *see also In re HEB Grocery Co.*, 375 S.W.3d at 507 (Christopher, J., concurring and dissenting) (agreeing with "the well-established precedent that discovery requests that are not limited to the store in question are generally overbroad and burdensome" and noting relator failed to "present[] any evidence" that the discovery requests at issue were burdensome) (citing *Dillard Dep't Stores, Inc.*, 909 S.W.2d at 492; *K. Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam)).

"[A]ll discovery is subject to the proportionality overlay embedded in our discovery rules and inherent in the reasonableness standard . . . ." *In re State Farm Lloyds*, 520 S.W.3d 595, 599 (Tex. 2017) (orig. proceeding). "Reasonableness and its bedfellow, proportionality, require a case-by-case balancing of jurisprudential considerations, which is informed by factors the discovery rules identify as limiting the scope of discovery and geared toward the ultimate objective of 'obtain[ing] a just, fair, equitable and impartial adjudication' for the litigants 'with as great expedition and dispatch at the least expense . . . as may be practicable.'" *Id.* (citations omitted); *see also* Tex. R. Civ. P. 1. "The Supreme Court of Texas has set forth the following proportionality factors: (1) the likely benefit of the requested discovery; (2) the needs of the case; (3) the amount in controversy; (4) the parties' resources; (5) the importance of the issues at stake in the litigation; (6) the importance of the proposed discovery in resolving the litigation; and (7) any other articulable factor bearing on proportionality." *In re Preventative Pest*

*Control Houston, LLC*, 580 S.W.3d 455, 460-61 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (citing *In re State Farm Lloyds*, 520 S.W.3d at 604, 608-12). The case at bar does not present a limitation on discovery methods. *See id.* ("[I]n today's case the trial court has not limited discovery methods."). It also fails to present a properly preserved proportionality complaint.[4]

If (as in the instant case) a hearing is set, a party that asserts a privilege or makes an objection generally has a duty to produce evidence supporting its resistance. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 227 (Tex. 2004) (orig. proceeding) (per curiam) (citing Tex. R. Civ. P. 193.4(a)). A party asserting a privilege generally must make a prima facie case that it is entitled thereto via evidence. Such evidence usually takes the form of testimony or affidavits. *See In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005) (orig. proceeding). Nonetheless, Allstate also failed to introduce testimony or affidavits to support its position.

Additionally, a party seeking a protective order based on a purported undue burden must prove that the information is unreasonably cumulative or duplicative (*Walker*, 827 S.W.2d at 843), available from an alternate source (*Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)), or unduly expensive (*In re Alford Chevrolet-Geo*, 997 S.W.2d at 181 (citing *K. Mart Corp.*, 937 S.W.2d at 431; *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 263 (2d Cir. 1993))). A party may also seek a protective

---

[4] Although Allstate's petition for writ of mandamus invokes proportionality, the record reveals this issue was never presented to the trial court. Therefore, Allstate failed to preserve this issue for our review. *Johnson v. City of Houston*, 928 S.W.2d 251, 255 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context.") (citing Tex. R. App. P. 52(a)).

order on the grounds that the discovery request at issue is overbroad. *See generally In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). Here, Allstate also failed to seek a protective order and (despite its argument on appeal) never argued the existence of an undue burden to the trial court. *See In re HEB Grocery Co.*, 375 S.W.3d at 507 (Christopher, J., concurring and dissenting) (noting relator failed to "present[] any evidence" that the discovery requests at issue were burdensome).

Finally, depositions are "intended to save expense and delay in the prosecution of suits." *Randall v. Collins*, 52 Tex. 435, 441-42 (1880). "The rules as to the taking of depositions vest broad discretion in the trial court." *Fisher v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 424 S.W.2d 664, 670 (Tex. Civ. App.— Houston [14th Dist.] 1968, writ ref'd n.r.e.) (citing *Munden v. Chambless*, 315 S.W.2d 355, 359 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.)). "The determination of whether a deposition should be taken is within the sound discretion of the trial court." *Hycarbex, Inc. v. Anglo-Suisse, Inc.*, 927 S.W.2d 103, 111 (Tex. App.—Houston [14th Dist.] 1996, no writ) (citing *Thompson v. Dart*, 746 S.W.2d 821, 828 (Tex. App.—San Antonio 1988, no writ)). Here, there is no legitimate argument that Arredondo's noticed corporate deposition is unauthorized; instead, Allstate has resisted discovery based on objections to relevance, objections based on the absence of personal knowledge, and its invocation of the work product privilege.

## IV.     Analysis of the Two Orders at Issue

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). As the party

10

seeking relief, Allstate "has the burden of providing this court with a sufficient record to establish [its] right to mandamus relief." *In re Tex. Bd. of Pardons & Paroles*, 495 S.W.3d 554, 560 n.2 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]) (citing *Walker*, 827 S.W.2d at 837; Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding")); *see also In re CI Host, Inc.*, 92 S.W.3d 514, 516-17 (Tex. 2002) (orig. proceeding) (concluding the trial court did not abuse its discretion by ordering production of information based on the record because the relator "failed to meet its burden under the discovery rules"); *Lowry*, 802 S.W.2d at 671 ("The burden is on the party seeking to avoid discovery to plead the basis for exemption or immunity and to produce evidence supporting that claim.") (citations omitted).

Given (1) the presence of only two relevant orders in the record and (2) Allstate's framing of the relevant issue on appeal as whether the trial court "abused its discretion by denying Allstate's motion to quash and granting Arredondo's motion to compel," our analysis is naturally confined to those two orders. *See* Tex. R. App. P. 52.3(f) (requiring petitions to "state concisely all issues or points presented for relief"); *see also In re State Bd. for Educator Certification*, 452 S.W.3d 802, 808 n.37 (Tex. 2014) (orig. proceeding) ("We need not consider whether the trial court abused its discretion . . . because [neither party] raised that argument in this Court.") (citing Tex. R. App. P. 52.3(f)). Further, the absence of both an order concerning Allstate's "motion to limit scope" and a reporter's record renders the record plainly insufficient to grant mandamus relief according to this court's heretofore unwavering standards. *See In re Team Transp., Inc.*, 996 S.W.2d 256, 259 (Tex. App.—Houston [14th Dist.] 1999, orig.

proceeding) ("[R]elator has not provided the reporter's record of the motion to compel hearing. As the party seeking relief, relator had the burden of providing this court with a sufficient record to establish its right to mandamus relief.") (citing *Walker*, 827 S.W.2d at 837); *see also In re Athans*, 458 S.W.3d 675, 677 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (mandamus record inadequate where it included a reporter's record of trial proceedings without any exhibits); *In re Fed Ex Ground Package Sys., Inc.*, No. 14-19-00853-CV, 2019 WL 5581576, at *1 (Tex. App.—Houston [14th Dist.] Oct. 29, 2019, orig. proceeding) (per curiam) (mem. op.) (denying mandamus relief where "Relator has not provided either a written order or the reporter's record containing the trial court's order ruling") (citing Tex. R. App. P. 52.3(k)(1)(A); *In re Dennis*, No. 14-11-00595-CV, 2011 WL 2791126, at *1 (Tex. App.—Houston [14th Dist.] July 14, 2011, orig. proceeding) (per curiam) (mem. op.) (denying petition and motion for emergency relief because relator did not provide court with either written or oral order)). Therefore, the majority's opinion plainly threatens the uniformity of this court's decisions concerning (1) mandamus relief where there is neither an order nor a record, (2) unpreserved issues, and (3) briefing waiver.

A.     **Order denying Allstate's motion to quash**

Allstate argues in its motion to quash: (1) the noticed deposition "is not reasonably calculated to lead to the discovery of admissible evidence *in Plaintiff's uninsured/underinsured motorist claim*" (emphasis added); (2) no one at Allstate "has personal knowledge regarding the facts of the accident or Plaintiff's claimed damages"; (3) its handling of the claim is not at issue until liability and damages have been established; (4) its work product is protected by the work product privilege; and (5) denials of motions to quash constitute an abuse of discretion. There is no evidence attached to Allstate's motion.

12

Arredondo responded, amended his response, and noticed the matter for a hearing. Allstate's petition for writ of mandamus concedes that "no evidence was adduced at the hearing" thereon. *See* Tex. R. App. P. 52.7(a)(2) (requiring a properly authenticated transcript or a statement that no testimony was adduced). The trial court denied Allstate's evidence-less motion to quash. Before we can find that the trial court abused its discretion, we must examine the record and determine if it (1) reached a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or (2) clearly failed to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382. Based on the majority's grant of mandamus relief, I examine each of Allstate's arguments.

### 1. Reasonably calculated to lead to the discovery of admissible evidence

Despite the majority's characterization of Arredondo's suit as a UM/UIM claim, an examination of Arredondo's live pleading reveals *only* a request for declaratory judgment declaring that specific facts related to his alleged injuries are true. The majority's mischaracterization naturally drives its erroneous analysis. *See In re Sun Coast Res., Inc.*, 562 S.W.3d at 146 ("We evaluate relevancy of discovery on a case-by-case basis by considering, among other things, the Plaintiff's claims *as pleaded* and the instrumentality of the alleged injury.") (emphasis added, citations omitted).

Allstate's signed representation that topics in Arredondo's noticed deposition are not reasonably calculated to lead to the discovery of admissible evidence in his non-existent UM/UIM claim evidences a fundamental misunderstanding of the record. In fact, there are no contractual or tortious causes of action in Arredondo's pleading. We should not reach into the trial court's domain and decide it abused its discretion based on arguments which reveal a

13

fundamental misunderstanding of the proceedings both below and on appeal, particularly when a relator has failed to introduce any evidence capable of supporting its repeated and unrepentant resistance to court-ordered discovery.

Additionally, Arredondo's queries concerning (*e.g.*,) Allstate's investigation and the reasons Allstate denied his claim are reasonably calculated to lead to the discovery of admissible evidence concerning the specific facts Arredondo alleged (*i.e.*, the subject matter of the pending action); these alleged facts impact existing rights, statuses, or other legal relationships with respect to Arredondo and Allstate, thereby making them appropriate for a declaratory judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) ("A person . . . whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder."). Arredondo's noticed deposition topics directly pertain to (and are reasonably calculated to lead to the discovery of admissible evidence concerning) the facts in his petition for declaratory judgment, *e.g.*, whether the third party motorist was negligent, uninsured, or underinsured and whether Arredondo was injured or complied with his contractual obligations. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (declaratory judgments are available concerning contracts) *with* Tex. R. Civ. P. 192.3 (parties may generally conduct "discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action"). The majority's holding threatens the uniformity of this court's decisions concerning (1) the baseline standard of relevance in discovery disputes, (2) evaluations of discovery relevance based on claims as pleaded, and (3) established procedural burdens with respect to mandamus relief.

14

### 2. Personal knowledge

Allstate argued that no one "has personal knowledge regarding facts of the accident or Plaintiff's claimed damages." Aside from being unsupported by even a scintilla of evidence, Allstate's argument is both groundless and irrelevant. *See* Tex. R. Civ. P. 199.2(b)(1) (requiring each individual designated to testify on behalf of a corporation to "testify as to matters that are known *or reasonably available to the organization*") (emphasis added); *In re Liberty Cty. Mut. Ins. Co.*, 606 S.W.3d 866, 874 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding [mand. pending]) ("Forrest was not required to show that a Liberty corporate representative has personal knowledge of any facts relevant to the disputed issues on liability or damages."); *see also In re Family Dollar Stores of Tex., LLC*, No. 04-14-00656-CV, 2015 WL 1938662, at *2 (Tex. App.—San Antonio Apr. 29, 2015, orig. proceeding) (per curiam) (mem. op.) ("There is no obligation to present the 'most knowledgeable' person, or an individual with personal knowledge of the specified topics, but only a person reasonably prepared to address the subject matters designated in the notice."); *In re Garrison Prop. & Cas. Ins. Co.*, No. 12-20-00190-CV, 2020 WL 6164982, at *6 (Tex. App.—Tyler Oct. 21, 2020, orig. proceeding) (mem. op.) ("Davis was not required to show that a Garrison corporate representative has personal knowledge of any facts relevant to the disputed issues on liability or damages.").

Importantly, Arredondo also served Allstate with requests for admission as authorized by the Texas Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 198.1. The primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (quoting *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950)); *see also Medina v. Zuniga*, 593

S.W.3d 238, 244 (Tex. 2019) (same). The rules authorize a responding party to respond with (1) an admission, (2) a denial, (3) an invocation of privilege, (4) an objection, (5) a detailed explanation as to why it could not admit or deny the request, or (6) a statement that it lacked information after a reasonable inquiry was made. *See* Tex. R. Civ. P. 198.2(b).

Arredondo's requests for admissions to Allstate included queries as to whether:

1. "Plaintiff could have been injured as a result of the motor vehicle collision which forms the basis of this lawsuit";
2. "it was appropriate for Plaintiff to seek medical care";
3. "Plaintiff was not negligent";
4. the third party motorist was negligent;
5. "the vehicles in question had no defects or mechanical problems that caused or contributed to the wreck";
6. the third party motorist was uninsured or underinsured; and (perhaps most importantly)
7. Allstate has no evidence "Plaintiff was negligent" or "proximately caused the motor vehicle collision" at issue.

Allstate responded to each of the foregoing requests for admission with a denial *only*; none of these discovery answers were accompanied by any objections, thereby waiving any objection that they were irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. *Compare* Tex. R. Civ. P. 193.2(a) (requiring timely objections to written discovery) *with* Tex. R. Civ. P. 193.2(e) (objections not made within the time required are waived).

It does not take a rule of civil procedure to explain that when someone is given the options to admit, deny, or effectively say "I don't know", a denial constitutes (1) an affirmation of personal knowledge sufficient to answer the question and (2) a party's representation that there is some legitimate controversy

16

concerning the matter at issue. *Compare Stelly*, 927 S.W.2d at 622 *with* Tex. R. Civ. P. 13. Nonetheless, the majority implicitly agrees with Allstate's position that Arredondo carries the burden to prove his legal entitlement to damages (in a UM/UIM claim he did not and could not bring) and that as a result, he is not entitled to depose an Allstate representative concerning admission topics Allstate answered without objections. This is illogical.

Furthermore, the majority's agreement "with Allstate that its representative would not have first-hand personal knowledge of the accident's circumstances or Arredondo's alleged injuries" (*see* Majority Op. at 15) engages in activist appellate fact-finding despite (1) the absence of any evidence, (2) the fact that Allstate waived its ability to argue no one had knowledge of Arredondo's injuries when it denied it was appropriate for him to seek medical care, and (3) the rule requiring each individual designated to testify on behalf of a corporation to "testify as to matters that are known *or reasonably available to the organization*." *See* Tex. R. Civ. P. 199.2(b)(1) (emphasis added). Even if I were to agree that Arredondo has pled a factually impossible UM/UIM claim, the majority's conclusion undermines the uniformity of this court's decisions with respect to depositions of corporate representatives based on personal knowledge. *See In re Liberty Cty. Mut. Ins. Co.*, 606 S.W.3d at 874 ("Forrest was not required to show that a Liberty corporate representative has personal knowledge of any facts relevant to the disputed issues on liability or damages.").

### 3. Allstate's invocation of the work product privilege

Allstate argues that an unspecified portion of the information at issue was protected by the work product privilege. An examination of the record reveals Allstate's argument to the trial court was limited to: "[I]nquiry into those topics [that] would require delving into information that was prepared in anticipation of

litigation that would be protected by the work product and trade secret privileges." Allstate's failures to introduce evidence and to cite authority precludes its entitlement to extraordinary relief.

"The party resisting discovery bears the burden of proving any applicable privilege." *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996) (citing *Lowry*, 802 S.W.2d at 671); *Lowry*, 802 S.W.2d at 671 ("The burden is on the party seeking to avoid discovery to plead the basis for exemption or immunity *and* to produce evidence supporting that claim.") (emphasis added). "This means that a party should provide evidence to the trial court in the form of affidavits or testimony to establish the claimed privilege[.]" *Id.*; *In re GreCon, Inc.*, 542 S.W.3d 774, 780 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (citations omitted); *Salazar v. Coastal Corp.*, 928 S.W.2d 162, 172 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("The objecting party should provide evidence to the trial court in the form of affidavits or testimony establishing the claimed privilege.") (citing *Lowry*, 802 S.W.2d at 671).

Despite this burden, nothing in the record reveals Allstate provided even a scintilla of evidence to support its invocation of the work product privilege. Specifically, we have no evidence tending to prove:

1. the trial court received affidavits, live testimony, or documents for an in camera inspection that tend to prove any (much less all) of the information at issue constitutes work product (*see generally* Tex. R. Civ. P. 192.5(a) (defining the privilege));

2. any (much less all) of the information at issue is core work product (*see generally* Tex. R. Civ. P. 192.5(b)(1));

3. any (much less all) of the information at issue was created in anticipation of litigation or for trial by a party or its attorneys, consultants, sureties, indemnitors, insurers, employees, or agents (*see generally* Tex. R. Civ. P. 192.5(a)); or

4. any (much less all) of the information at issue were communications

made in anticipation of litigation or for trial between a party and its representatives or among a party's representatives, including its attorneys, consultants, sureties, indemnitors, insurers, employees, or agents. *Id.*

Therefore, there is no evidence supporting Allstate's invocation of the work-product privilege; in fact, Allstate's petition only mentions the word "privilege" twice and neither cites to any evidence or caselaw.[5] Allstate's failure to support its contention is fatal according to this court's precedents. *In re O'Hara*, No. 14-15-00379-CR, 2015 WL 2169276, at *1 (Tex. App.—Houston [14th Dist.] May 7, 2015, orig. proceeding) (per curiam) (mem. op.) ("[R]elator has failed to brief his complaints adequately. . . . Relator's petition contains no citations to any case law in support of his claims for relief, nor does it contain any citations to any appendix or record. Relator's failure to properly brief his complaints is in itself a sufficient reason to deny relator's petition.") (citation omitted); *In re Hernandez*, No. 14-11-00408-CV, 2011 WL 4600706, at *2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2011, orig. proceeding) (mem. op.) (denying mandamus relief because relator's petition did not "contain any argument, analysis, record citations or legal authority in support" of its position); *In re McCullough*, No. 14-20-00056-CV, 2020 WL 830550, at *1 (Tex. App.—Houston [14th Dist.] Feb. 20, 2020, orig. proceeding) (per curiam) (mem. op.); and *In re Citizens Supporting Metro Sols., Inc.*, 2007 WL 4277850, at *4. *Cf. In re GreCon, Inc.*, 542 S.W.3d at 790 & n.14 (Frost, C.J., concurring) (citing Tex. R. App. P. 52.3(h)); and *In re Nabors*, 276 S.W.3d 190, 204 n.21 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (Frost, J., dissenting) (concluding relators waived an issue because they failed to provide argument, analysis, record citations, or legal authority).

---

[5] Allstate's reply uses the word "privilege" four times but again cites to no relevant authority.

Despite these failures, the majority holds that information pertaining to "possible defenses not yet raised" is core work product. This holding is truly remarkable; not only did Allstate fail to introduce any evidence concerning this point (or even establish that such defenses exist), but the word "core" is completely absent from the record and the appellate briefs. In other words, this issue was never presented to the trial court or on appeal; therefore, it was waived. Tex. R. App. P. 52.3(h) (requiring petitions to "contain a clear and concise argument for the contentions made"); *In re Nath*, No. 14-19-00757-CV, 2019 WL 6317859, at *2 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (per curiam) (mem. op.) ("Nath waived these arguments in this proceeding by not briefing them in the mandamus petition.") (citing Tex. R. App. P. 52.3(h); *In re TCW Glob. Project Fund II, Ltd.*, 274 S.W.3d 166, 169-71 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]) (holding that relators waived an argument by not briefing the argument in their mandamus petition); *In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 495 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (same)); and *Johnson v. City of Houston*, 928 S.W.2d 251, 255 (Tex. App.—Houston [14th Dist.] 1996, no writ) (parties must make a timely request to the trial court to preserve a complaint for appellate review). The majority's holding therefore improperly threatens the uniformity of this court's decisions concerning waiver, notice and an opportunity to be heard, and burdens concerning the applicability of unsupported privileges.

## B. Order granting Arredondo's motion to compel

On March 12, 2020, Arredondo filed his second motion to compel the deposition of Allstate's corporate representative. Allstate then filed a "response to motion to compel and motion to reconsider, or in the alternative motion to limit scope." Allstate's only evidence in support of its response and motions was

Arredondo's deposition notice. The trial court signed an order on April 27 granting Arredondo's motion to compel.

Allstate argues that topics 6, 10, 11, and 12 in Arredondo's deposition notice are not reasonably calculated to lead to the discovery of admissible evidence concerning the liability of the alleged tortfeasor and the amount of the plaintiff's damages, if any, that resulted from the accident. The majority agrees. Despite Allstate's evidence-less contention, topics 6, 10, 11, and 12 satisfy the *only* relevant test because they relate to the subject of Arredondo's petition for declaratory relief (*i.e.*, his injuries in connection with an accident and Allstate's alleged failure to comply with a contract concerning same). *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 223 ("Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'"). Therefore, the trial court did not abuse its discretion when it granted Arredondo's motion to compel.

Allstate also argued that the information at issue was protected by the work product privilege. This argument fails because there is no evidence Allstate even attempted to prove its entitlement to the claimed privilege. *See* Section IV.A.3, *supra*.

## V.      Analysis of Allstate's Alternative "Motion to Limit Scope"

"Generally, the record in a mandamus petition must contain either a written order from the trial court or a reporter's record demonstrating an oral ruling by the trial court." *In re Regojo*, No. 14-13-01149-CV, 2014 WL 871499, at *1 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, orig. proceeding) (per curiam) (mem.

op.) (citations omitted).[6]   The record, however, reveals no indicia that the trial court ever heard (much less addressed) Allstate's alternative "motion to limit scope".  There is also nothing in the record capable of showing Allstate even asked

---

[6] *See also In re Howell*, No. 14-19-00611-CR, 2019 WL 3795999, at *2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, orig. proceeding) (per curiam) (mem. op.) ("Relator has not brought a sufficient record establishing his right to mandamus relief.  There is no reporter's record of either the July 18, 2019 or July 24, 2019 hearing or any other relevant hearing that took place in the trial court.  Relator also has not provided a copy of the July 24, 2019 order granting his motion to proceed pro se.") (citations omitted); *In re Gov't Emps. Ins. Co.*, No. 14-19-00172-CV, 2019 WL 1119648, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2019, orig. proceeding) (per curiam) (mem. op.) ("Relator, however, has provided neither a verified copy of an order signed by Judge Collier nor a copy of a reporter's record containing Judge Collier's oral discovery and sanction rulings.  Therefore, relator has not satisfied its burden to bring a record sufficient to establish its entitlement to mandamus relief."); *In re Todd*, No. 14-15-00002-CV, 2015 WL 82034, at *1 (Tex. App.—Houston [14th Dist.] Jan. 6, 2015, orig. proceeding) (per curiam) (mem. op.) ("Relator has not provided the order about which he complains or the reporter's record of the December 18, 2014 hearing.  Therefore, relator has not established that he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.") (internal citation omitted); *In re Altschul*, Nos. 14-13-01001-CR, 14-13-01002-CR, 14-13-01003-CR, 2014 WL 2158167, at *2 n.1 (Tex. App.—Houston [14th Dist.] May 22, 2014, orig. proceeding) (per curiam) (mem. op.) ("It is an essential prerequisite for a relator seeking mandamus relief from a trial court order to include in the appendix to the mandamus petition either the signed order of the court or a copy of the reporter's record indicating the court's rendition.") (citing *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); Tex. R. App. P. 52.3(k)(1)(A)); *In re Long*, Nos. 14-14-00049-CR, 14-14-00050-CR, 14-14-00051-CR, 2014 WL 707239, at *1 (Tex. App.—Houston [14th Dist.] Feb. 20, 2014, orig. proceeding) (per curiam) (mem. op.) ("Without documentation showing the action of the trial court of which relator complains, he cannot satisfy his obligation to demonstrate entitlement to mandamus relief.") (citing *Walker*, 827 S.W.2d at 837); *In re Whitney*, No. 14-13-00999-CV, 2013 WL 6157121, at *1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2013, orig. proceeding) (per curiam) (mem. op.) ("Generally, the record must contain either a written order from the trial court or a reporter's record of the trial court's oral order denying a motion for relief.  In this case, there is no record of a ruling.  Relator has not shown, for example, that respondent has denied a written motion to enter judgment on a mediated settlement agreement.") (citations omitted); *In re Keen Transp., Inc.*, No. 14-10-00075-CV, 2010 WL 307965, at *1 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, orig. proceeding) (per curiam) (mem. op.) ("Relators have not included in the mandamus record a written order denying their motion to abate or that portion of a reporter's record demonstrating an oral ruling on their motion to abate.") (citing Tex. R. App. P. 52.3(k)(1); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d at 314); and *In re Hamrick*, 979 S.W.2d 851, 853 n.3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) ("A petition for a writ of mandamus must generally be accompanied by an appendix containing, among other things, a certified sworn copy of any order or other document showing the matter complained of.") (citing Tex. R. App. P. 52.3(j)(1)(A)).

the trial court to rule on its alternative motion. Therefore, the majority's analysis threatens the uniformity of this court's decisions concerning mandamus relief when there is an insufficient record or no evidence relators even asked the trial court to rule. *See In re Prodigy Servs., LLC*, No. 14-14-00248-CV, 2014 WL 2936928, at \*3 (Tex. App.—Houston [14th Dist.] June 26, 2014, orig. proceeding) (mem. op.) (denying mandamus relief where the absence of a court reporter's record meant there was no record of Prodigy's objections at the hearing); *Diamond v. State*, 496 S.W.3d 124, 148 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("The record also must show that the trial court ruled on the request, objection, or motion either expressly or implicitly or refused to rule on the request, objection, or motion and the complaining party objected to the refusal . . . . The trial court did not rule on appellant's objection. Accordingly, appellant did not preserve error in the trial court on his complaint . . . . Because appellant presents nothing for appellate review, we overrule appellant's fourteenth issue.") (citations omitted).

Similarly, there is no evidence Allstate objected to the trial court's non-ruling, thereby continuing to preclude its entitlement to mandamus relief. *See id.*; *see also Baugh v. Baugh*, No. 14-07-00391-CV, 2008 WL 2068081, at \*2 (Tex. App.—Houston [14th Dist.] May 15, 2008, no pet.) (mem. op.) ("To present a complaint for appellate review, the record must reflect that the trial court 'ruled on the request, objection, or motion, either expressly or implicitly; or . . . refused to rule . . . and the complaining party objected to the refusal.'") (citing Tex. R. App. P. 33.1(a)(2)(A),(B)). *Cf. Elliot v. State*, 56 S.W.3d 780, 783 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (Frost, J., dissenting).[7] Neither the Texas

---

[7] ("Under our adversary system, it is incumbent upon litigants to frame the issues for the trial court and to do so at a time and in a manner that will give the trial court an opportunity to respond to the complaint and, if possible, cure any error. Reversing for error not brought to the trial court's attention, in effect, permits the party challenging the trial court's ruling to second-guess his own trial strategy and tactical decisions after they do not produce the desired result.

Supreme Court nor intermediate appellate courts "revise our rules by opinion." *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) (citing *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992)). Therefore, Allstate's alternative motion cannot be the proper subject of our review pursuant to this court's heretofore unwavering standards concerning preservation of issues for appellate review. *Johnson*, 928 S.W.2d at 255 (citing Tex. R. App. P. 52(a)).[8] Finally, the majority's insistence upon addressing Allstate's "motion to

---

Moreover, there is an inherent incongruity in reversing a trial court based on an 'error' when it was never given an opportunity to make a 'correct' decision. Last, but not least, the most important rationale for the rule is judicial economy. If the losing party can secure a reversal on an issue not fairly presented in the trial court, the parties and the public are put to the enormous delay, expense, and inconvenience of a second trial that could have been avoided had counsel timely identified and articulated the basis for the complaint and the trial court resolved it.").

[8] *See also Schear Hampton Drywall, LLC v. Founders Commercial, Ltd.*, 586 S.W.3d 80, 94 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("To preserve a complaint for appellate review, a party must first present the issue to the trial court.") (citing Tex. R. App. P. 33.1(a)); *Zahorik v. Metro. Life Ins. Co.*, No. 14-14-00564-CV, 2015 WL 4051972, at *7 n.4 (Tex. App.—Houston [14th Dist.] July 2, 2015, no pet.) (mem. op.) (appellant failed to "preserve his complaint for appellate review" where he (1) failed to "include a citation to the record showing that [his] motion 'was heard'"; (2) the court found no evidence supporting appellant's assertion; (3) "the record must show that the trial court 'ruled on the request, objection, or motion, either expressly or implicitly'"; and (4) the record did not show "that the trial court refused to rule on the motion and [appellant] objected to the trial court's refusal.") (citing Tex. R. App. P. 33.1(a)(2)(A), (B)); *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("An objecting party, in order to preserve a complaint for appellate review, must get a ruling from the trial court.") (citations omitted); *see also Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 867 n.7 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[s]howing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling") (citing *Zahorik*, 2015 WL 4051972, at *6-7; *Murphree v. Cooper*, No. 14-11-00416-CV, 2012 WL 2312706, at *1 (Tex. App.—Houston [14th Dist.] June 19, 2012, no pet.) (mem. op.); and *Approximately $1,013.00 v. State*, No. 14-10-01255-CV, 2011 WL 5998318, at *2 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.)); *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 122 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("the record does not reflect that appellants called the motion to the trial court's attention in any way.") (citing *Approximately $1,013.00*, 2011 WL 5998318, at *2)("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.")); *id.* ("The record also does not demonstrate that the trial court (1) ruled on the motion, or (2) refused to rule on the motion and appellants objected to that refusal to rule. Therefore, appellants have failed to preserve this

24

limit scope" under these facts ignores Arredondo's constitutional rights to due process and due course of law insofar as it precludes him from having either notice or an opportunity to be heard on an apparently dispositive issue that was neither preserved nor presented.  *See generally* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

## A.    Implicit rulings

The majority nonetheless holds that the trial court implicitly ruled upon and rejected Allstate's motion to limit scope.  This is an extraordinary holding given that Allstate never presented any issue, fact, evidence, or argument supporting the majority's conclusion that the trial court was even asked to rule upon Allstate's motion.  *See* Tex. R. App. P. 52.3(f) ("Issues Presented"), (g) ("Statement of Facts"), (h) ("Argument"), and (j) (requiring petitions to contain a certification that "every factual statement . . . is supported by competent evidence"); *see also In re McCullough*, 2020 WL 830550, at *1; *In re O'Hara*, 2015 WL 2169276, at *1; *In re Hall*, 433 S.W.3d 203, 211 n.4 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding); *In re Hernandez*, 2011 WL 4600706, at *2; *In re Citizens Supporting Metro Sols., Inc.*, 2007 WL 4277850, at *4.  *Cf. Elliot*, 56 S.W.3d at 783 (Frost, J., dissenting).  The majority's conclusion is also extraordinary because Allstate never briefed (or even mentioned) the issue of an implicit ruling, thereby raising due process and due course of law implications.

The Texas Supreme Court addressed the issue of implicit rulings in *Acord v. General Motors Corp.*, 669 S.W.2d 111 (Tex. 1984).  There, the supreme court was presented with an appeal involving multiple parties who objected at trial before the charge was read to the jury.  *Id.* at 114.  "Acord led off with his

---

issue for appellate review.") (citing *Wheeler v. Greene*, 194 S.W.3d 1, 7 (Tex. App.—Tyler 2006, no pet.)).

objections and without any statement from the trial court judge was immediately followed by objections" from another party. *Id.* The trial court then overruled the objections. On appeal, the relevant question presented was whether the trial court implicitly ruled on Acord's objections. *Id.* The supreme court held that it had to presume "that the objections were presented at the proper time and exception properly taken, implying there was a court ruling" because "there [was] nothing *in the record* to indicate otherwise[.]" *Id.* (emphasis added). Based on the court's recitation of the timing of events at trial and reference to the record, it is clear it had the benefit of a record that revealed what transpired in the courtroom; here, Allstate has failed to provide any comparable evidence. As a result, we cannot presume the trial court even heard Allstate's alternative motion. *See In re Prodigy Servs., LLC*, 2014 WL 2936928, at *3 (denying mandamus relief where the absence of a court reporter's record meant there was no record of Prodigy's objections at the hearing).

Additionally, Allstate's failure to provide this court with a record creates an irreconcilable conflict between the majority's holding and our precedents concerning implicit rulings. *See In re Longoria*, 470 S.W.3d 616, 631 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) ("There is nothing in the record to suggest that the trial court implicitly ruled on Adriana's objections to Shelby's exhibits submitted in support of his motion to dismiss."); *Diamond*, 496 S.W.3d at 148; *see also Barnett v. Home of Tex. & Warranty Underwriters Ins. Co.*, Nos. 14-09-01005-CV, 14-10-00197-CV, 2011 WL 665309, at *6 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, no pet.) (mem. op.) ("Although appellees filed a motion for clarification in the trial court, requesting the trial court to comment on proper application of the settlement, the record does not contain any indication that the trial court ever actually considered the motion much less

ruled on it."); *contra Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997) ("In granting the motion of Salinas and Salazar to disregard the jury findings in Questions 7 and 8, the trial court automatically denied the Rafatis' motion for judgment on those findings and their motions to amend and to conform the pleadings to the verdict. In addition, the trial court's order granting the motion of Salinas and Salazar to disregard the answers to Questions 7 and 8 specifically notes the Rafatis' objection. The Rafatis preserved any error."). The majority's error is even more profound given that Allstate's petition for writ of mandamus does not even attempt to argue that the trial court erred (never mind abused its discretion) in any respect concerning the "motion to limit"; instead, the only two issues presented are: (1) whether the trial court "abused its discretion *by denying Allstate's motion to quash and granting Arredondo's motion to compel*" (emphasis added) and (2) whether Allstate "has no clear and adequate remedy by appeal". The majority's holding therefore threatens the uniformity of this court's holdings with respect to implicit rulings, preservation of error, and briefing waiver.

### B.     Local rules

The trial court's local rules (1) require proposed orders to be attached to motions and (2) expressly state that failure to do so will result in a motion being passed.[9] Allstate failed to (1) comply therewith, (2) attack the propriety of same in the trial court, and (3) attack the legitimacy of said rules in its petition for writ of mandamus. "With certain limitations, a district court is permitted to make local rules." *Approximately $1,589.00 v. State*, 230 S.W.3d 871, 874 (Tex. App.— Houston [14th Dist.] 2007, no pet.). This court has expressly honored such rules, and it is not alone. *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.—

---

[9] 11th (Tex.) Dist. Ct. Loc. R. 4.2 (https://www.justex.net/JustexDocuments/1/Court%20Procedures%2010.2.19.pdf).

27

Houston [14th Dist.] 1993 no writ); *see also Alpert v. Gerstner*, 232 S.W.3d 117, 124 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 176 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Oldsmobile Div. of Gen. Motors Corp. v. Anthony*, No. 01-88-01188-CV, 1989 WL 6961, at *1 (Tex. App.—Houston [1st Dist.] Feb. 2, 1989, no writ) (per curiam) (not designated for publication); *Thompson v. West*, No. 01-89-00109-CV, 1989 WL 12598, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 1989, orig. proceeding) (per curiam) (not designated for publication).[10]  Therefore, Allstate's failure to comport with the trial court's presumptively valid local rules precludes us from concluding the trial court abused its discretion when it either (1) did not hear Allstate's "motion to limit" (as I believe) or (2) implicitly denied said motion (as the majority believes).  This is particularly true given the absence of a properly preserved issue, an order, and a reporter's record.  *See In re Simmonds*, No. 10-12-00093-CV, 2012 WL 2053863, at *2 (Tex. App.—Waco June 6, 2012, orig. proceeding) (mem. op.).[11]

---

[10] *Cf. Jamar v. Patterson*, 868 S.W.2d 318, 318 n.2 (Tex. 1993) (per curiam) (analyzing what constitutes a filing for purposes of calculating appellate timetables:  "The motion also failed to conform to the county's local rules because it did not include a proposed order or a submission date, but such local rule requirements may not impose additional restrictions on what constitutes a 'filing' under the Texas Rules of Civil Procedure or Rules of Appellate Procedure.").

[11] ("In their response, real parties in interest direct us to Walker County District Court Local Rule 3.7, which states that '[m]otions and responses shall be in writing and shall be accompanied by a proposed order granting or denying the relief sought.'  Despite relator's repeated attempts to get the trial court to rule on his motion to sever, the record does not reflect that relator provided the trial court with a proposed order on his motion to sever.  Thus, by not filing a proposed order with his motion to sever, Simmonds failed to comply with Walker County District Court Local Rule 3.7.  And because relator did not comply with the Walker County local rules, we cannot say that the trial court abused its discretion in failing to rule on relator's motion to sever.") (citing *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996); *Walker*, 827 S.W.2d at 839).

Parties are charged with knowledge of local rules. *Mayad v. Rizk*, 554 S.W.2d 835, 838-39 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) ("It is also correct to say that a party should be charged with knowledge of the local rules and with notice of all orders that are rendered affecting his case.") (citing *Pentikis v. Tex. Elec. Serv. Co.*, 470 S.W.2d 387, 390 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.)). Of the 24 civil district courts in Harris County alone, at least 10 of them have rules comparable to the 11th District Court's.[12] We do not have any place to unilaterally invalidate the record-less and unattacked effect of a trial court's foreseeable adherence to its own local rules, especially when the burdened party introduced zero evidence capable of demonstrating it even asked the trial court to rule on the issue addressed by the majority. Therefore,

---

[12] *See* 55th (Tex.) Dist. Ct. Loc. Rs. (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=2&sid=861); 61st (Tex.) Dist. Ct. Loc. Rs. (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=3&sid=79); 80th (Tex.) Dist. Ct. Loc. Rs. (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=4&sid=14) ("Then you must file and serve the notice of the hearing along with the motion and order within 24 hours after obtaining the setting or the setting is subject to being passed by the Court without further notice.") (emphasis removed); 113th (Tex.) Dist. Ct. Loc. R. 3.d. (https://www.justex.net/JustexDocuments/5/113th%20District%20Court%20Procedures.pdf) ("Each motion must be filed with a proposed order."); 125th (Tex.) Dist. Ct. Loc. R. 4.1 (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=6&sid=423) ("All motions and responses must be filed with a corresponding order. The Court may pass motions filed without proposed orders."); 127th (Tex.) Dist. Ct. Loc. R. 3 (https://www.justex.net/JustexDocuments/7/Court%20Procedures-Updated%20March%202020.pdf) ("Every motion or response must include a proposed order. Failure to provide a proposed order to the Court may result in the hearing/submission being passed."); 152nd (Tex.) Dist. Ct. Loc. R. 3 (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=11&sid=76) ("Always attach a proposed order whether you are the movant or nonmovant."); 190th (Tex.) Dist. Ct. Loc. R. 3.2 (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=16&sid=137) ("All motions and responses must have a proposed order. The Court may pass hearings on motions filed without a proposed order. All motions should have their own proposed order (Please do not combine multiple motions into one order). The proposed order should include the exact title of the motion being considered.") (emphasis removed); 234th (Tex.) Dist. Ct. Loc. Rs. (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=18&sid=18) ("File proposed orders with all motions and responses. The Court will pass motions filed without proposed orders."); and 281st (Tex.) Dist. Ct. Loc. R. I.A. (https://www.justex.net/Courts/Civil/CourtSection.aspx?crt=22&sid=27) ("All motions and responses must include a proposed order.").

29

the majority's analysis threatens the uniformity of this court's decisions concerning local rules.

## VI.     Ripeness

The Texas Rules of Civil Procedure clearly provide deponents with methods to preserve privileges, to object, to refrain from answering questions, and to suspend depositions if necessary.  *See* Tex. R. Civ. P. 199.5(d)-(g); *see also* 31 Tex. Jur. 3d Discovery and Depositions § 73 ("An attorney may instruct a witness not to answer a question during an oral deposition only if necessary to preserve a privilege, comply with a court order or the Texas Rules of Civil Procedure, protect a witness from an abusive question or one for which any answer would be misleading, or secure a ruling after suspending the deposition as permitted by rule.").  Properly construed, Allstate essentially asks this court to preemptively step into the role of the trial court and to rule upon the merits of deposition objections that have yet to be made to questions that have yet to be asked because Allstate has refused to produce a deponent.  Therefore, Allstate's petition for writ of mandamus is unripe.

"Ripeness, like standing, is a threshold issue that implicates subject matter jurisdiction[.]" *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).  Therefore, ripeness is "subject to de novo review that a court can raise sua sponte." *Mayhew*, 964 S.W.2d at 928.  "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Patterson*, 971 S.W.2d at 443; *Vill. of Tiki Island v. Premier Tierra Holdings Inc.*, 555 S.W.3d 738, 745 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citation omitted).  A ruling concerning a "hypothetical objection [would be] extremely uncertain." *See Vaughn v. State*, 931 S.W.2d 564,

30

568 (Tex. Crim. App. 1996) (en banc) (quoting *Vaughn v. State*, 888 S.W.2d 62, 74 (Tex. App.—Houston [1st Dist.] 1994), *aff'd*, 931 S.W.2d 564 (Tex. Crim. App. 1996)); *see also Zachery v. State*, No. 14-07-01050-CR, 2009 WL 136915, at *4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op., not designated for publication) (same).

Additionally, ripeness considerations require courts "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Perry v. Del Rio*, 66 S.W.3d 239, 249-50 (Tex. 2001) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977)). Here, foreseeable but hypothetical queries subject to even more hypothetical (but factually unsupported) objections concerning a non-existent UM/UIM claim are not fit for judicial decision. *See Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("District courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations.") (quoting *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980)). Further, there is zero evidence in this record of hardship concerning limited deposition questions that might have been asked at a deposition that was ordered to occur (and will occur even under the majority's misguided analysis). Therefore, this dispute is unripe and an imprudent waste of judicial resources. *See Patterson*, 971 S.W.2d at 443 (the ripeness doctrine "has a pragmatic, prudential aspect that is directed toward '[conserving] judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes.'") (quoting *Mayhew*, 964 S.W.2d at 928); *see also id.* ("Refraining from issuing advisory opinions and waiting for cases' timely factual development is also essential to the proper development of the state's jurisprudence.") (citing June F. Entman, *Flawed Activism: The*

31

*Tennessee Supreme Court's Advisory Opinions on Joint Tort Liability and Summary Judgment*, 24 Mem. St. U. L. Rev. 193, 199 (1994); and Felix Frankfurter, *A Note on Advisory Opinions*, 37 Harv. L. Rev. 1002, 1002-03 (1924)); Gene R. Nichol, Jr., *Ripeness and the Constitution,* 54 U. Chi. L. Rev. 153, 177 (1987) ("Litigation based upon hypothetical possibility rather than concrete fact is apt to be poor litigation. The demand for specificity, therefore, stems from a judicial desire for better lawmaking."). "[A]n action does not vest a court with the power to decide hypothetical or contingent situations or to determine questions not essential to the decision of an actual controversy, even if such question may require adjudication in the future." *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324-25 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Harris Cty. Mun. Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d 133, 139-40 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (quoting *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied))).

"Even when a trial court abuses its discretion in making a discovery ruling, we will not intervene if the relator has an adequate remedy by appeal." *In re State Farm Lloyds*, No. 02-20-00163-CV, 2020 WL 5242414, at *3 (Tex. App.—Fort Worth Sept. 3, 2020, orig. proceeding [mand. denied]) (mem. op.) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). Under these facts, Allstate has yet to even utilize the adequate remedies it had at the trial court concerning a corporate deposition (*e.g.*, objections, invocations of privileges, instructions to refrain from answering, suspension of the deposition, and seeking rulings from the trial court). Allstate's failure to seek these remedies ensured its presentment of an unripe dispute which this court should refrain from adjudicating. While an appeal remains inadequate

when a discovery order compels production "beyond the rules of [civil] procedure" (*id.*),[13] the orders at issue simply permit a corporate deposition to occur. Such a deposition is plainly within the scope of the rules. *See* Tex. R. Civ. P. 199.2(b)(1) ("The notice [of oral deposition] must state the name of the witness, which may be either an individual or a public or private corporation . . . ."). This court's determination that deposition questions cannot even be asked at a properly noticed deposition unmistakably interferes with the proceedings below based on hypothetical facts that have yet to even be presented to the trial court.

Similarly, the majority's conclusion concerning work product is unripe because there is no evidence capable of supporting the majority's implicit finding that Allstate has any defenses that have yet to be pled; as a result, the majority's analysis on this point is purely hypothetical. The impact of these failures is only compounded by the absence of any evidence capable of establishing Allstate ever asked the trial court to rule on its alternate "motion to limit". *Cf. Garcia-Ramirez v. State*, No. 05-13-01514-CR, 2014 WL 5477014, at *2 (Tex. App.—Dallas Oct. 30, 2014, pet. ref'd) (mem. op., not designated for publication) ("Having failed to [request a continuance], he 'cannot now be heard to complain.'") (quoting *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (en banc) (quoting *Hubbard v. State*, 496 S.W.2d 924, 926 (Tex. Crim. App. 1973))); *Gorham v. Wainwright*, 588 F.2d 178, 180 (5th Cir. 1979) (citing *United States v. Scruggs*, 583 F.2d 238, 242 (5th Cir. 1978)). This court should not issue mandamus relief concerning a motion that was neither heard nor adjudicated, especially when Allstate failed to (1) comply with local rules and (2) object to the trial court's non-ruling.

---

[13] (quoting *In re Nat'l Lloyds Ins.*, 507 S.W.3d at 223 (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam))).

## VII.      Mootness

The controversy unilaterally created by the majority herein (*i.e.*, Arredondo's non-existent UIM claim) is rendered moot by its own analysis. First, the majority concludes (despite the pleadings) that this is a UIM case; the bulk of its erroneous analysis stems from this preliminary mischaracterization. Second, the majority acknowledges, "A claim for UIM benefits is not presented until the trial court signs a judgment resolving those issues." Majority Op. at 10. Third, there is no such order. Therefore, there can be no UM/UIM claim as a matter of law. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

The majority's conclusion that Arredondo's pleading presents a UM/UIM claim while simultaneously acknowledging there is no underlying judgment that would make such a claim possible evidences its creation of a legal fiction to justify its grant of mandamus relief and a refusal to apply the law as written. This impossibility renders the issue adjudicated by the majority moot according to this court's precedent. *See Robinson*, 298 S.W.3d at 325 ("A case becomes moot when [] it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists[.]") (citing *Mollinedo v. Tex. Emp't Comm'n*, 662 S.W.2d 732, 738 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.)).[14]

---

[14] *See also City of Edinburg v. Jasso*, No. 13-18-00330-CV, 2020 WL 103859, at *1 (Tex. App.—Corpus Christi Jan. 9, 2020, no pet.) (mem. op.) ("Mootness arises when an event during the pendency of the case makes it impossible for the court to grant the relief requested.") (citing *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018)); *Taylor v. Margo*, 508 S.W.3d 12, 23 (Tex. App.—El Paso 2015, pet. denied) (same); *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex. App.—El Paso 2014, pet. denied) ("An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, *which in reality does not exist* or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy.") (emphasis added) (citing *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.)); *Scholl v. Firemen's & Policemen's Civil Serv. Comm'n*, 520 S.W.2d 470, 471 (Tex. Civ. App.—Corpus Christi 1975, no writ) (per curiam)); *Reuter v. Cordes-Hendreks Coiffures, Inc.*, 422 S.W.2d 193, 196 (Tex. Civ. App.—Houston [14th Dist.] 1967, no writ) ("Actions or opinions are denominated

"[A] controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). The majority's creation of an illusory and impossible issue incapable of constituting a controversy is an extraordinary abuse of appellate authority that unilaterally converts the majority's analysis into an impermissible advisory opinion despite unambiguously controlling precedential prohibitions. *See Camarena*, 754 S.W.2d at 151; *Robinson*, 298 S.W.3d at 324-25; *see also Scurlock Permian Corp. v. Brazos Cty.*, 869 S.W.2d 478, 487 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("Courts may not give advisory opinions or decide cases upon speculative, hypothetical, or contingent situations."). The majority's conclusion that mandamus should nonetheless issue is contrary to controlling law and undermines the uniformity of this court's decisions concerning mootness.

## VIII. Groundlessness and Delay

Finally, an examination of the arguments and record in this case reveal a troubling truth. Arredondo noticed the deposition at issue more than a year ago; the trial court then denied Allstate's motion to quash more than 10 months ago. After Allstate refused to produce its corporate representative for deposition, Arredondo filed (and the trial court granted) a motion to compel Allstate to produce a corporate representative. Without explanation (other than its disagreement with the trial court's ruling), Allstate refused to comply. It also failed to take any additional steps to protect itself from consequences associated

---

'advisory' . . . where the judgment sought would not constitute specific relief to a litigant or affect legal relations . . . . The distinguishing characteristic of such issue is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations.") (citing Borchard, Declaratory Judgments 34-35 (2nd ed. 1941)).

with its failure to comply; instead, it continued to unsuccessfully negotiate the scope of Arredondo's noticed deposition topics (based upon a fundamental misunderstanding of Arredondo's unchallenged petition) and waited until Arredondo filed his third motion to compel before seeking mandamus relief based upon a record with zero relevant evidence capable of supporting its resistance.

Neither rule nor precedent excuses a party from complying with a court order simply because the party believes the court is mistaken; instead, opposition to a court's authority can constitute contempt. *See Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) ("Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority.") (citing *Ex parte Norton*, 191 S.W.2d 713, 714 (Tex. 1946)); *id.* ("[V]iolation of a written court order, outside the presence of the court, is constructive contempt."). Given this record, there does not appear to be any reasonable alternative construction of the trial court's orders which would justify Allstate's refusal to produce a corporate representative for deposition. *See id.* ("Only the existence of *reasonable* alternative constructions will prevent enforcement of the order.") (citing *Ex parte Crawford*, 684 S.W.2d 124, 126 (Tex. App.—Houston [14th Dist.] 1984, orig. proceeding) (emphasis in original)); *cf. id.* ("Since a corporation is capable of violating a court order only if *its agents* act or refrain from acting, it follows that an order directed at a corporation is binding on agents authorized to act on its behalf, whether specifically named in the order or not . . . Were this not true, entities could delegate their disobedience to physical actors who, since they would be beyond judicial power, would have no reason to recognize or obey it.") (emphasis in the original) (citations omitted).

Granting Allstate's petition will unnecessarily create uncertainty in the law with respect to (at least) orders concerning motions to quash and motions to

compel. I cannot agree with the creation of such a rule, particularly given the absence of *any* evidence capable of supporting Allstate's petition.

## IX.    Conclusion

The majority's analysis fails to apply the law as it is written. Instead, it re-constitutes an unambiguous request for declaratory relief as a factually impossible UM/UIM cause of action. Allstate did not seek such relief in the trial court or here. Therefore, the majority's mischaracterization to achieve its desired result is an inappropriate use of appellate authority that threatens the uniformity of this court's decisions.

The majority's analysis reveals a firm belief Allstate must prevail against Arredondo's seemingly novel claim despite Allstate's failures to (1) specially except thereto and (2) comport with carefully honed procedural safeguards to which all other litigants in Texas are supposedly bound. Allstate did not ask for a protective order, it introduced zero evidence (aside from Arredondo's notice of deposition) of anything, and it cannot even prove it asked the trial court to rule on its "motion to limit" precisely because it failed to provide a reporter's record, a proposed order to the trial court, or a signed order. Although we have historically been bound by the record, the majority suggests we are now empowered to ignore the absence of evidence (and violations of local rules) and conclude trial courts abuse their authority without any evidence at all. This simultaneous result-oriented shift in multiple areas of substantive law to accommodate Allstate's nesting failures despite substantial precedent and unambiguous rules is a deeply concerning exercise of this court's authority.

Despite the majority's insistence to the contrary, this is not a breach of contract claim; it is a request for a declaratory judgment. Even if I were to accept that some of the facts therein (or deposition issues based thereon) are potentially

37

irrelevant to said relief, those attacks have been neither preserved nor presented; instead, Allstate has argued (and the majority has accepted) that Arredondo has filed a UM/UIM claim despite the impossibility thereof. *See Brainard*, 216 S.W.3d at 818 (requiring an order that does not exist herein). Allstate's investigation into the accident concerns "the subject of the action" and is therefore facially relevant; queries concerning Allstate's investigation could foreseeably reveal admissible evidence concerning Arredondo's request for declaratory judgment (*i.e.*, whether he had UM/UIM insurance, whether the third party caused the wreck and was underinsured, and the amount of damages) and there is no evidence to the contrary. *See In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (citing *In re Reynolds*, 369 S.W.3d 638, 650-55 (Tex. App.—Tyler 2012, orig. proceeding)).

We decide this case on incomplete facts based on Allstate's litigation tactics. Rather than providing the trial court with evidence, it baselessly resisted the trial court's orders. Rather than asking the trial court to rule on its motion, complying with local rules, or submitting to a legally noticed deposition (and invoking privileges thereat and securing rulings thereon), Allstate baselessly sought mandamus relief without a sufficient record. Under these circumstances, the premature nature of Allstate's petition ensured the improper and unripe presentment of its issues. Granting mandamus relief under these facts is remarkably ill-advised because it sends a signal to sophisticated parties that they can now permissibly delay discovery by (1) arguing to this court that a trial court abused its discretion without any supporting evidence, (2) ignoring local rules, (3) relying upon alternative motions that were never presented to the trial court, or (4) failing to object to non-rulings. Essentially, this case is presented by a plaintiff with a seemingly novel attack and a defendant that either failed to understand the

nature thereof or refused to acknowledge that such an attack was not prohibited by any known rule, precedent, or statute.

I conclude (1) the absence of any relevant evidence in the record precludes us from permissibly granting mandamus relief to a burdened party who repeatedly ignored a court's orders and (2) the majority's conclusion threatens the uniformity of this court's decisions concerning important issues of substantive law. Therefore, I dissent.

/s/     Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Hassan. (Jewell, J., majority).